Isadore POSNER, Petitioner,

v.

James L. MARTIN, Albert F. Adams and Edward K. JONES, as members of the Real Estate Commission of the District of Columbia, Respondents.

No. 2006.

Municipal Court of Appeals for the District of Columbia.

Argued July 22, 1957.

Decided Oct. 8, 1957.

---

J. E. Bindeman, Washington, D. C., with whom Theodore Kligman, Washington, D. C., was on the brief, for petitioner.

Robert H. Campbell, Asst. Corp. Counsel, Washington, D. C., with whom Chester H. Gray, Corp. Counsel, Milton D. Korman, Principal Asst. Corp. Counsel, Hubert B. Pair and Richard W. Barton, Asst. Corp. Counsel, Washington, D. C., were on the brief, for respondents.

Before ROVER, Chief Judge, and HOOD and QUINN, Associate Judges.

HOOD, Associate Judge.

This petition under Code 1951, § 11–772 (e) (9) (Supp. V), seeks judicial review of a decision of the Real Estate Commission of the District of Columbia suspending petitioner's real estate broker's license for a period of 120 days.

On October 23, 1956, petitioner was formally charged with making substantial misrepresentations in connection with a real estate transaction, and with attempting, while acting as a broker's salesman, to purchase an interest in property by the use of a straw party without disclosing such fact to the party he represented, both in violation of Code 1951, § 45–1408.[1] He

---

1. "The Commission * * * shall have the power to suspend or to revoke any license * * * where the licensee * * * in performing or attempting to perform any of the acts mentioned herein, has—

"(a) Made any substantial misrepresentation;
* * * * *
"(i) While acting or attempting to act as agent or broker, purchased or attempted to purchase any property or interest

was notified that on November 29, 1956, a hearing would be held to determine whether there was evidence to support the charges and if so whether his license should be suspended or revoked.[2] At the hearing petitioner was represented by experienced and competent counsel who initially stated to the Commission: "I don't want to have a protracted hearing on this particular thing. I have been over these charges and specifications with Mr. Posner (petitioner) and I would say that substantially the facts contained in the specifications are correct * * *. In effect, it is saying we are guilty, with certain reservations, because the facts aren't quite as charged in the specifications." Thereupon counsel agreed that there would be no need for the witnesses and concurred in the Commission's suggestion that they be excused; he then stated what he believed to be the mitigating circumstances and requested that the Commission punish the petitioner commensurate with the gravity of the offense. The Commission took the matter under advisement, and on March 12, 1957, found that petitioner committed the acts charged and concluded that they constituted a violation of Section 45–1408. The order suspending petitioner's license for 120 days was then issued.

Thereafter, petitioner, through new counsel, filed a motion for rehearing alleging inter alia that (1) he was not "guilty" of the first charge (substantial misrepresentations), (2) although "guilty" of the second charge (attempting to purchase an interest in property by use of a straw party without making disclosure) he was not the "motivating factor" thereof, and there were certain facts to be presented to the Commission in mitigation of the offense, and (3) the statute of limitations barred the action taken by the Commission. Subsequently the Commission sent a letter to petitioner's counsel stating: "In determining whether such power (power to reopen) of the Commission should be utilized in behalf of your respondent's motion for de novo hearing the Commission has directed that you be advised that you may, if you so desire, submit affidavits in behalf of your client, * * * with said affidavits of all parties making such affidavits setting forth full facts which facts must be based upon personal knowledge of the makers of the affidavits." The letter further stated: " * * * the Commission has directed that if affidavits are presented as described herein that such affidavits must be of such force if true and uncontradictory, that they will change the Real Estate Commission's Opinion on any of the essentials previously considered * * *."

Petitioner submitted an affidavit in which he denied making any material misrepresentations in the real estate transaction involved,[3] and in which he stated that it was his broker-employer who suggested to him that he purchase the property through a straw (the straw being the broker's secretary) as an investment. Upon receipt of this affidavit the Commission requested affidavits from the broker-employer and his secretary, which when received were found to contradict all the essentials of petitioner's affidavit. On the basis of the three affidavits, the Commission denied the motion for rehearing and this petition for review was filed.

Petitioner contends that the Commission abused its discretion in refusing to grant the motion for rehearing; that it was error for the Commission to consider the

therein for himself, either in his own name or by use of a straw party, without disclosing such fact to the party he represents; * * *."

2. Code 1951, § 45–1409.

3. The misrepresentations charged were that petitioner obtained a listing agreement (on his employer-broker's form) from the owner of certain property, but never submitted the listing agreement to his employer, and that the sales contract presented to the owner by petitioner recited that a $500 deposit had been received by his employer, when in fact no such deposit had been received.

counter-affidavits without affording him the opportunity of cross-examination; and that the entire action was barred by the statute of limitations.

■ It is conceded that a motion for rehearing is addressed to the sound discretion of the administrative tribunal and that only a showing of clearest abuse thereof will justify interference of the court.[4] But petitioner claims that if a rehearing is not permitted manifest injustice will result, for it would have the effect of precluding him from presenting facts in proof of his innocence of one of the charges and facts in mitigation of the seriousness of the other. Because of this, petitioner argues that the Commission abused its discretion in refusing to grant a rehearing.

■ Petitioner can hardly contend that the facts contained in his affidavit in support of his motion for rehearing were discovered subsequent to the date of the order of suspension. Obviously, they were as available to him at the time of the hearing as they were when the motion for rehearing was submitted. There is no contention by petitioner that he was not afforded the opportunity to present his testimony at the hearing. In fact the record shows (as previously mentioned) that counsel told the Commission he had gone over the charges and specifications with his client and had concluded that they were substantially correct, and after offering facts in mitigation he requested that the punishment be commensurate with the offense. We are convinced that under these circumstances the Commission did not abuse its discretion in refusing to grant

a rehearing. To hold otherwise would not be conducive to the termination of litigation.[5] The fact that the Commission had before it the counter-affidavits, which sharply contradicted the material allegations of petitioner's affidavit, is another factor which weakens the claim of petitioner that the Commission abused its discretion.

■ However, the contention is made that it was error for the Commission to have considered the counter-affidavits, since petitioner was not given the opportunity to refute them, and in support of this contention cases are cited holding that an administrative agency, when making a determination while acting as a quasi-judicial body, must limit its consideration to matters of record and cannot rely on material not introduced in evidence at the hearing.[6] This rule is a declaration of the obvious, i. e., due process requires a fair hearing, and an individual's right to a fair hearing is destroyed if an agency bases its findings on matters not introduced in evidence. But these cases are no buttress to petitioner's claim for, without exception, they deal with the situation where an administrative body is making a determination after a hearing. Petitioner does not assert, nor could he properly do so, that a hearing must be had on a motion for rehearing. It is true, of course, once a motion for rehearing is granted, and a rehearing is had, the rule referred to above becomes applicable, but it does not apply where an agency is merely considering whether it should exercise its discretion and grant the motion.

---

4. Interstate Commerce Commission v. Jersey City, 322 U.S. 503, 64 S.Ct. 1129, 88 L.Ed. 1420; United States v. Pierce Auto Freight Lines, 327 U.S. 515, 66 S.Ct. 687, 90 L.Ed. 821; American Broadcasting Co. v. Federal Commun. Com'n, 85 U.S. App.D.C. 343, 179 F.2d 437.

5. See: Eck Miller Transfer Co. v. United States, D.C.Ky., 143 F.Supp. 409; Koppers Co. v. United States, D.C.Minn., 114 F.Supp. 741.

6. Ohio Bell Telephone Co. v. Public Utilities Commission, 301 U.S. 292, 57 S.Ct. 724, 81 L.Ed. 1093; Saginaw Broadcasting Co. v. Federal Commun. Com'n, 68 App.D.C. 282, 96 F.2d 554, certiorari denied Gross v. Saginaw Broadcasting Co., 305 U.S. 613, 59 S.Ct. 72, 83 L.Ed. 391; Aquino v. Knox, D.C.Mun.App., 60 A.2d 237.

■ Finally, petitioner contends that the statute of limitations barred the proceedings against him, since the Commission took no action until 1956, whereas the violations with which he was charged occurred in 1952. We have previously held that statutes of limitations are not applicable to administrative proceedings of this kind. Stone v. Board of Examiners and Registrars of Architects, D.C.Mun.App., 126 A.2d 157, (vacated on other grounds by unreported order of the United States Court of Appeals for the District of Columbia, No. 13,609) and cases cited therein.

Affirmed.