On Rehearing After Remand from Supreme Court
This case came to us upon remand from the Alabama Supreme Court. As a result of the supreme court's remand we issued an opinion on August 23, 1978. Upon rehearing, the opinion of August 23 is hereby withdrawn and the following opinion substituted in its place.
In our original opinion (dated November 2, 1977) we concluded that a de novo trial was not permitted upon an appeal from a decision by the State Board of Dental Examiners to a circuit court and that upon appeal a circuit court was limited to a consideration of testimony and evidence documented in the transcript of the proceedings held before the Board. The supreme court reversed us, however, holding that while a denovo proceeding was improper, the circuit court could, nevertheless, permit the introduction of independent evidence to establish a claim that the Board acted unlawfully or arbitrarily or that it acted in such a manner as to deny the complaining party due process.
Pursuant to the directions of the supreme court we have carefully examined the transcripts taken before both the Board and the circuit court, as well as the deposition which was at issue during the initial arguments in this matter, and have determined that the Board of Dental Examiners deprived Dr. King of due process. Consequently, the judgment of the circuit court setting aside and holding for naught the Board's decision is hereby affirmed.
The right to engage in the practice of dentistry is a property right that may be denied only if the requirements of due process are complied with. See Katz v. Alabama State Boardof Medical Examiners, Ala., 351 So.2d 890 (1977). The deliberations by the Board in this case do not demonstrate compliance with the requirements which are fundamental to due process. There existed a file containing previous charges against Dr. King (which dated *Page 321 
back to 1963). The Board of Dental Examiners was in possession of this file. One Board member testified by deposition that this file was present during the course of the Board's deliberations on the present charges against Dr. King and that the prior trouble which Dr. King had had with the Board was discussed at that time. The file had not been introduced into evidence at the hearing before the Board.[1] And in making a determination after a hearing an administrative board acting as a quasi-judicial body must limit its consideration to matters of record and cannot rely on material not introduced into evidence at the hearing. Pennsylvania State Board of FuneralDirectors v. Errichetti, 440 Pa. 40, 269 A.2d 758 (1970);Posner v. Martin, 135 A.2d 156 (D.C.Mun.Ct.App. 1957). 1 CooperState Administrative Law 430 (1965). Such a rule is basic to due process and the requirements of a fair hearing. Posner v.Martin. An individual's right to a fair hearing is destroyed if an agency bases its findings on matters not introduced into evidence. Posner v. Martin. Cf. Ohio Bell Telephone Co. v.Public Utilities Commission, 301 U.S. 292, 57 S.Ct. 724,81 L.Ed. 1093 (1937).
In the present case some questions were asked by the Board members concerning Dr. King's earlier appearances before various dental grievance committees. The details of some of these appearances were related by Dr. King to the Board. However, these questions did not deal with all of the prior charges against Dr. King, nor did they fully cover the entire spectrum of what was a rather extensive file documenting Dr. King's previous indiscretions in the practice of dentistry. Accordingly, we must assume on the basis of the deposition of the Board member that the entire file or record regarding Dr. King was involved in the Board's deliberations. As indicated earlier, this file was not introduced into evidence at the hearing before the Board.
Moreover, despite the fact that both Board members who were questioned about the file denied that its contents influenced their decision in this matter, we, nevertheless, believe that there was sufficient evidence before the circuit court for it to conclude that Dr. King's right to due process was violated. There was testimony before the trial court that his "prior trouble" with the Board was discussed by the Board during its deliberations preparatory to a decision. The trial court could have concluded from this testimony that the "prior troubles" of the doctor did enter into the deliberations of the other Board members in the absence of testimony by them that the earlier charges did not play a part in their determinations regarding Dr. King in the instant case. Such a finding is in keeping with the principle that a decision by an administrative tribunal must maintain an appearance of fairness. See Staton v. Mayes,552 F.2d 908 (10th Cir. 1977).
However, we wish to emphasize that the mere existence of previous charges against a dentist and the fact that the Board members are aware of such charges because of their prior dealings with them in their capacity of regulating the dental profession does not automatically necessitate a finding that the prior charges were used in a subsequent case as the basis for the Board's decision regarding a licensee's guilt or innocence. For us to formulate a rule recognizing that the mere existence of previous charges constitutes violation of due process in subsequent matters would preclude the same Board from ever considering further complaints against a dentist once its members had received and reached a decision on the initial charges against the individual. Indeed, before further charges could be brought, an entirely new Board would have to be appointed to consider the charges since the members of the Board who reviewed the initial complaint would generally be aware of the prior charges *Page 322 
against the dentist in any subsequent procedure against the same individual. Such a view would be inconsistent with the legislative intent in creating a body of dentists to review the actions of the members of their own profession. Accordingly, we are persuaded that the better view requires that the evidence regarding the previous charges against a complaining party be demonstrably shown to have been considered in the subsequent proceeding against that party without affording him (or her) requisite due process. In this case there was sufficient evidence before the circuit court that the charges made as a result of earlier incidents were used or considered against Dr. King in the present proceeding despite the fact that the file containing such charges was never introduced into evidence. On this basis we cannot say that the circuit court acted improperly in setting aside and holding for naught the Board's decision to revoke Dr. King's license to practice dentistry.
APPLICATION FOR REHEARING GRANTED.
AFFIRMED.
WRIGHT, P.J., and HOLMES, J., concur.
[1] We believe that evidence of prior proceedings against a dentist and disciplinary actions taken as a result thereof may properly be admitted on the issue of the degree of punishment to be administered. However, the admission of such evidence must be in accordance with the requirements of due process,i.e. right to notice, cross-examination, etc. 2 Am.Jur.2dAdministrative Law §§ 380, 386-88 and 444; 1 Cooper StateAdministrative Law 392 and 419 (1965).