Dorothy Greenberg, a tenured teacher, filed a petition for writ of certiorari requesting this Court to review the opinion of the Court of Civil Appeals which affirmed the trial court's decision to uphold the cancellation of her teaching contract by the Mountain Brook Board of Education and the sustainment of the cancellation by the Alabama State Tenure Commission. We granted the writ of certiorari and now review the decision of the Court of Civil Appeals.
The 1978 hearing in question was Ms. Greenberg's second such hearing before the Board of Education. The prior proceeding resulted in an order from this Court that she be reinstated.Alabama State Tenure Comm'n v. Mountain Brook Bd. of Ed., Ala.,343 So.2d 522 (1976). Prior to the second hearing, Ms. Greenberg was given notice of the Board's intent to cancel her contract. The notice provided in part:
 This proposed cancellation of your contract is based upon grounds of incompetence, insubordination, and other good and just cause.
 Examples of the conduct or evidence thereof which comprise these grounds are:
1. Failure to properly instruct students.
2. Failure to obey instructions of principal.
3. Numerous complaints of parents and students.
4. Behavior in class room.
5. Inflexibility of disciplinary standards.
6. Ridicule and sarcasm directed to students.
 7. Inordinate number of requests by parents and students for transfer from your class to those of other teachers.
Before the Board considered any evidence concerning the proposed cancellation of Ms. Greenberg's contract, it was discovered that one of the board members, James Emack, was the father of one of the witnesses who testified against Ms. Greenberg at the earlier hearing. Mr. Emack was not on the *Page 1002 
Board at the time of the prior hearing. Counsel for Ms. Greenberg asked Mr. Emack if he felt that he could be fair and not let the prior involvement of his son enter into this case, and Mr. Emack replied: "I am prepared to listen to your testimony and Mrs. Greenberg's testimony in this instance." The board's chairman then ruled "that Mr. Emack should sit and continue to participate as a member of the Board at this hearing."
A board of education exercises functions of the quasi-judicial type when it hears and determines proceedings for the cancellation of contracts of tenured teachers. When reviewing such administrative decisions, a court must examine the record with the view of protecting the fundamental rights of the parties. State v. Board of Educ. of Fairfield, 252 Ala. 254, 40 So.2d 689 (1949). The right to a fair trial before an impartial tribunal is an important fundamental right. The primary issue, therefore, is whether the trial court denied Ms. Greenberg her right to a fair trial by allowing Mr. Emack to participate as a board member in the hearing against her.
In Board of Dental Examiners v. King, Ala.Civ.App.,364 So.2d 311 (1977), rev'd on other grounds, Ala., 364 So.2d 318, onremand, Ala.Civ.App., 364 So.2d 319 (1978), the dentist appellant argued that members of the dental board hearing his case were biased against him because of previous complaints the Board had received against him. The Court of Civil Appeals stated:
 [T]he mere fact that a professional regulatory board (which has received legislative authority to investigate and adjudicate charges against members of its profession) has had prior contact with the particular individual or considered other, separate charges against him, is not sufficient, in the absence of some showing to the contrary, to demonstrate that the board's members are biased. . . . [A] party seeking to demonstrate prejudice or antipathy on the part of one or more board members must show at the outset of (or during) the hearings before the board that the risk of bias is intolerably high or such that there is a substantial temptation on the part of the members sitting in their quasi-judicial capacity to pre-judge the case with regard to any issue to be presented (or actually presented) by the party challenging the board's impartiality. [364 So.2d at 317, emphasis added.]
In the instant case, the Court of Civil Appeals, basing its decision on King, supra, held that there was no error here. We cannot agree.
The United States Supreme Court in Withrow v. Larkin,421 U.S. 35, 95 S.Ct. 1456, 43 L.Ed.2d 712 (1975), stated that the guarantee of a fair trial in a fair tribunal applies to administrative agencies which adjudicate as well as to courts, and said that not only is a biased decisionmaker constitutionally unacceptable, but "our system of law has always endeavored to prevent even the probability of unfairness." Withrow, supra. The Court spelled out various situations in which the probability of actual bias on the part of the judge or decisionmaker has been found to be intolerably high, including the situation in which a decisionmaker has been the target of "personal abuse or criticism from the party before him." Withrow, supra.
Certainly in this case there was a possibility, or even a probability, of personal bias on the part of Mr. Emack. His son had allegedly been a target of personal abuse and criticism from Ms. Greenberg. Thus, Mr. Emack, as the father of his minor son, was indirectly, at least, her target also. Mr. Emack, through his son's involvement, had a personal interest in and knowledge of the prior charges and proceeding, which exceeded that of the other board members who had merely considered the charges against her on a professional basis. He expressed concern over the strain and trauma placed upon the child because of testifying in the proceeding and even indicated that his family had had several discussions concerning the propriety of allowing the child to testify. *Page 1003 
While it is true that the showing of knowledge of a prior proceeding is not, without more, sufficient to demonstrate bias on the part of a member of a professional regulatory board, we find that the evidence here went beyond mere knowledge and established the requisite intolerably high risk of bias on the part of Mr. Emack. For this reason, the judgment of the Court of Civil Appeals is reversed and the cause is remanded to that Court with directions to enter an order consistent with this opinion.
REVERSED AND REMANDED.
TORBERT, C.J., and MADDOX, FAULKNER, JONES, SHORES and EMBRY, JJ., concur.