**David F. JONES, Petitioner,**

v.

**DISTRICT OF COLUMBIA HACKERS' LICENSE APPEAL BOARD, Respondent.**

**No. 82–25.**

District of Columbia Court of Appeals.

Argued Aug. 30, 1982.

Decided Jan. 24, 1983.

David F. Jones, pro se.

Steven H. Leventhal, Asst. Corp. Counsel, Washington, D.C., with whom Judith W. Rogers, Corp. Counsel, and Charles L. Reischel, Deputy Corp. Counsel, Washington, D.C., were on the brief, for respondent.

Before NEBEKER and BELSON, Associate Judges, and YEAGLEY, Associate Judge, Retired.

NEBEKER, Associate Judge:

Petitioner appeals from a decision of the Hackers' License Appeal Board (hereinafter "Board") which "warned" him for the manner in which he conducted himself toward a passenger during the operation of his taxicab. He contends, in effect, that there is a lack of substantial evidence to support the Board's decision. We agree and reverse.

Complainant, Mr. Henderson, testified before the Board that he hailed petitioner's taxicab at 18th and I Streets, N.W. on May 19, 1981. When he entered the cab, and gave his destination, petitioner advised him that the fare must be paid in advance. Henderson stated that petitioner's conduct was hostile and provocative, and that petitioner suggested that he could leave if he were dissatisfied. At the conclusion of the ride, petitioner spoke to Henderson "with epithet and discourtesy." The entire letter of complaint filed by Henderson was read into the record. Based upon this letter, complainant's testimony, and petitioner's performance before the Board, the Board

concluded that petitioner "did conduct himself in an improper manner in the offensive way he demanded his fare...." The Board therefore issued petitioner a warning.

### I

The Board's decision must be affirmed on appeal if it is supported by substantial evidence. *Pillis v. District of Columbia Hackers' License Appeal Board,* D.C.App., 366 A.2d 1094, 1095 (1976); *Proctor v. District of Columbia Hackers' License Appeal Board,* D.C.App., 268 A.2d 267, 270 (1970). However, "substantial evidence is more than a mere scintilla of evidence; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Liberty v. Police and Firemen's Retirement and Relief Board,* D.C.App., 410 A.2d 191, 192 (1979). Here, there is no such evidence.

At no time, either in Henderson's letter of complaint or at the hearing itself, did Henderson state specifically what Jones said. We are informed that Jones' conduct was "provocative and insulting" and that he spoke to Henderson with "epithet and discourtesy," but the Board failed to elicit precisely what was done or said. Instead, they adopted Henderson's characterization of petitioner's behavior. The Board cannot be permitted to engage in such speculation. There is not the specific factual record support for the Board's conclusion as required by law.

The transcript of the hearing reveals numerous instances in which the Board seemed more intent at proving their subjective character assessment of petitioner than finding out what petitioner had said. Petitioner's conduct was interpreted as provocative, discourteous or insulting, first by Henderson, and then by the Board. The Board reacted to Henderson's anger and did not engage in an independent investigation of the evidence. Since the Board's findings of

fact mirror this shortcoming,[1] we are required to reverse and remand with instructions to vacate the Board's decision.

*Reversed and remanded.*

---

1. The Board's "finding" that appellant should give serious thought to how he communicates with his passengers is more of a character assessment than an independent factually supported basis for imposition of a sanction.