EDWARD N. SCRUGGS, Retired Circuit Judge.
This case involves the transfer within the Randolph County public school system of a tenured teacher, Mrs. Bramlett, without any loss of salary or status to her.
Mrs. Bramlett had been a guidance counselor at the Wedowee Middle School. She was advised by a letter from the superintendent of education, dated May 7, 1987, that the Randolph County Board of Education (Board) had approved her transfer to the Randolph County High School for the next school year, where she would teach social studies and English. That action of the Board was taken after the superintendent had recommended a reassignment and the realignment of the duties of several teachers and administrative personnel for budgetary reasons. Mrs. Bramlett protested the transfer and, after a hearing, the Board voted four to one to uphold the superintendent’s recommendation to transfer Mrs. Bramlett. She appealed to the Alabama State Tenure Commission (Commission), which, after a hearing on the record and upon briefs and argument, reversed the action of the Board on the sole and only ground that “the Tenure Commission finds that due process was denied Petitioner [Mrs. Bramlett] in that evidence showed that a member of the Randolph County Board of Education had discussed the case with a third party prior to the hearing.” The Board petitioned the Circuit Court of Randolph County for a writ of mandamus. After a review of the record, the circuit court held in a well-reasoned judgment that the decision of reversal by the Commission was against the preponderance and overwhelming weight of the evidence and was contrary to law. Accordingly, the Commission was ordered to enter an order affirming the action or decision of the Board. Only the Commission appealed from the judgment of the circuit court.
Hereinafter, we quote all of the evidence which was presented which was pertinent to the finding of the Commission.
Mrs. Sikes was the principal at Wedowee Middle School. She testified before the Board as follows:
*1077 “Q. Have you had any discussions with any of the Board members about this transfer or this hearing?
“A. Do you mean about the hearing? “Q. Yes, ma’am, or this transfer, either one.
“A. Well, yes, I did get a call. I guess, to a certain extent.
“Q. Who was this call from?
“A. Mrs. Messer.
“Q. What was stated?
“A. Well, the only thing I can say that was stated was that, you know, these transfers are legal and therefore we will listen to the hearing, but the transfers will remain.
“Q. When was this statement made?
“A. Thursday is today — Let’s see — Two weeks ago.”
Immediately after Mrs. Sikes testified, the attorney for Mrs. Bramlett interrogated Mrs. Messer, a Board member, as follows:
“MR. STEPHENS: I have no further questions. I do want to bring up one point here and I want it inserted into the record. From what the testimony Mrs. Sikes has stated is that she had a conversation with a Board member and that Board member has told her that, I think, from what the words — And we may have to have it repeated back from the Court Reporter — was in essence that the hearing will be held but that the mind is already made up. I wish to ask that Board member if she in fact made that statement.
“MRS. MESSER: No, I did not.
“MR. STEPHENS: Did you make any statement at all concerning that?
“MRS. MESSER: I don’t even remember the call she is talking about. Now, Madge — We’ve had to have conversations about different things. I didn’t call Mrs. Sikes to talk about a hearing or anything else.
“MR. STEPHENS: So she just made that up then?
“MRS. MESSER: Well, let me say this. She is confused about it. Let me just put it like that.
“MR. STEPHENS; Did you have any conversations with her about this hearing at all?
“MRS. MESSER: No.
“MR. STEPHENS: It wasn’t even discussed?
“MRS. MESSER: Not as far as I can remember, not a conversation. I have said that Madge has the right to have a hearing if she would like it, and Madge knows that.
“MR. STEPHENS: Who was that stated to?
“MRS. MESSER: I have told Madge that or anybody that said anything to me.
“MR. STEPHENS: Could you have in fact stated that—
“MRS. MESSER; If she ever said anything to me, I would say it to her, or to anybody else.
“MR. STEPHENS: I just want that in the record.
“MRS. MESSER: Yes, I want that cleared up, too.
“MR. STEPHENS: We have no further witnesses.”
No request or motion was ever made that Mrs. Messer or any other Board member disqualify themselves from hearing the matter.
The trial court’s review of the action of the Commission and our review on appeal are both identical and are both appellate in nature. The Commission’s conclusion and judgment will not be reversed on review by either court for being unjust unless that Commission decision was contrary to the preponderance and overwhelming weight of the evidence. Alabama State Tenure Comm’n v. Phenix City Bd. of Educ., 467 So.2d 263 (Ala.Civ.App.1985). In order to sustain a due process violation, the evidence must show that the risk of bias is intolerably high or that there is a substantial temptation to prejudge the case. Chandler v. City of Lanett, 424 So.2d 1307 (Ala.1982); Board of Dental Examiners v. King, 364 So.2d 311 (Ala.Civ.App.1977), rev’d on other grounds, 364 So.2d 318 (Ala.1978), on remand, 364 So.2d 319 (Ala.Civ.App.1978).
*1078 The law and the above meager facts have been considered and studied, and we cannot say that the risk of bias was intolerably high or that there was a substantial temptation on the part of the Board to prejudge the case. We agree with the circuit court that the decision of the Commission to reverse the action of the Board was against the preponderance and overwhelming weight of the evidence. The finding of the Commission of a violation of due process based upon the “discussion” between Mrs. Sikes and Mrs. Messer as reflected by the record is simply contrary to law. We affirm the final judgment of the trial court.
The foregoing opinion was prepared by Retired Circuit Judge EDWARD N. SCRUGGS while serving on active duty status as a judge of this court under the provisions of § 12-18-10(e), Code 1975, and this opinion is hereby adopted as that of the court.
AFFIRMED.
All the Judges concur.