Nana YAW, Petitioner,

v.

**DISTRICT OF COLUMBIA TAXICAB
COMMISSION, Respondent.**

No. 90–459.

District of Columbia Court of Appeals.

Submitted April 26, 1991.
Decided May 24, 1991.

Reginald F. Martin, Beaumont, Tex., was on the brief, for petitioner.

Charlotte M. Brookins, Asst. Corp. Counsel, with whom Herbert O. Reid, Sr., Corp. Counsel at the time the brief was filed, and Charles L. Reischel, Deputy Corp. Counsel, were on the brief, Washington, D.C., for respondent.

Before BELSON and FARRELL, Associate Judges, and GALLAGHER, Senior Judge.

BELSON, Associate Judge:

Petitioner Nana Yaw seeks review of an order of the District of Columbia Taxicab Commission revoking his license to operate a public vehicle for failing to display his hacker's license identification card, failing to take the most direct route to the passenger's destination, and failing to operate his taxicab with regard for the safety, comfort, and convenience of the passenger in violation of 18A DCMR §§ 816.2, 822.12, 822.6 (1987), and fining him $500 for failing to appear before the Office of Taxicabs with his manifest and for failing to appear before the Panel of Adjudication (the Panel) for a hearing. Yaw contends that the Panel abused its discretion in denying his petition for rehearing or reconsideration, arguing that the Panel failed to state why it was denying his petition. Yaw further contends that the Panel had no authority to impose the $500 fine for failing to appear with his manifest and failing to appear at

the hearing, arguing that the regulations do not authorize that sanction and that the Panel cannot impose such a sanction until he is given a hearing at which to explain why he failed to appear. We affirm the revocation of Yaw's license, but remand the case to the Taxicab Commission to permit the Panel to conduct a hearing on the imposition of the fines for Yaw's failures to appear.

On February 14, 1989, Rocquelle Jeri entered Yaw's taxicab at the J.W. Marriott Hotel located on 14th Street, N.W. and informed Yaw that she wanted to go to 5808 8th Street, N.E. Yaw told her that the eight dollar fare would have to be paid in advance. When Jeri refused to prepay the fare, Yaw drove south on 14th Street toward Virginia at a high rate of speed. After Yaw refused to give Jeri his name, license, and tag number, she reached for the manifest on the front seat to obtain this information. Yaw, however, prevented Jeri from getting the manifest by grabbing it and hitting her. She bit his hand. Yaw then stopped the taxicab on the highway near the Pentagon exit and ordered Jeri to get out. While Yaw was stopped, a Virginia police officer approached the taxicab and eventually ordered Yaw to drive Jeri to her destination. Once he was back in the District, Yaw again stopped the taxicab, this time on the Southwest Freeway, and again ordered Jeri to get out. After she refused to exit the taxicab on the freeway, Yaw finally took Jeri to her destination.

Jeri filed a complaint with the Taxicab Commission. The Commission in turn notified Yaw that the complaint had been filed and directed that he attend a hearing scheduled for June 21, 1989, and also that he bring his manifest to an informal meeting on April 18, 1989, so that an attempt could be made to resolve the complaint informally. The notice also informed Yaw that his failure to obey this notice would be a violation of the Taxicab Commission Regulations, and itself would result in a hearing before the Panel on Adjudication where his identification and vehicle license might be suspended or revoked and a fine of $500 imposed. Nevertheless, the Panel found, Yaw failed to appear with his manifest for the informal meeting and also failed to appear for the hearing before the Panel.

On June 26, 1989, Yaw arrived at the Office of the Taxicab Commission for his hearing, five days late. Upon discovering that he had inadvertently written down the wrong date, he immediately requested that the Panel conduct a rehearing or reconsider its decision. Yaw submitted a second request for reconsideration several months later asserting that the complaint was not true and that he had appeared before the Office of Taxicabs for the informal meeting. Finding that Yaw had failed to establish any of the grounds for rehearing or reconsideration as listed in § 354.2 of the regulations, the Panel denied his request.

█ Yaw concedes that the initial decision by the Panel to revoke his license is supported by substantial evidence. *See Gebremariam v. District of Columbia Hackers' License Appeal Bd.*, 533 A.2d 909, 910 n. 2 (D.C.1987) (Board's decision must be affirmed on appeal if it is supported by substantial evidence); *see also Jones v. District of Columbia Hackers' License Appeal Bd.*, 455 A.2d 896, 897 (D.C.1983); *Pillis v. District of Columbia Hackers' License Appeal Bd.*, 366 A.2d 1094, 1096 (D.C.1976), *cert. denied*, 430 U.S. 937, 97 S.Ct. 1566, 51 L.Ed.2d 784 (1977). Yaw, nevertheless, argues that the revocation should be reversed because the Panel denied his request for a rehearing or reconsideration without stating the reason for its denial.

The determination of whether the Panel should rehear or reconsider its earlier decision is left to the Panel's sound discretion. *See Posner v. Martin*, 135 A.2d 156, 159 (D.C.1957). "[O]nly a showing of clearest abuse ... will justify interference of the court." *Id.* (affirming the denial of rehearing by the District of Columbia Real Estate Commission). To aid the Panel in making such decisions, the District of Columbia Taxicab Commission has adopted a rule that sets forth the grounds upon which a grant of rehearing or reconsideration may be based; one such ground being the "[n]eed for additional evidence to develop adequately the facts essential to proper

decision." 18A DCMR § 354.2 (1987). The Panel found that Yaw had failed to establish in his petition any of the grounds for rehearing or reconsideration listed in § 354.2. We are satisfied that the Panel did not abuse its discretion in denying Yaw's request.

Yaw further contends that the Panel violated his right to due process when it imposed a $500 fine for his two failures to appear without first having provided notice and an opportunity to respond to the charge that he had thereby violated the instructions of the Panel.[1] The District concedes that the Panel should have provided Yaw a hearing on these charges before deciding whether to impose a fine. We agree.

The notice Yaw received did not inform him that any charges that he failed to appear would be decided at the scheduled hearing. The letter to Yaw informing him of the original charges advised him that his "failure to obey this notice is a violation of Taxicab Commission Regulations, and *will* result in a hearing before the Commission's Panel on Adjudication," suggesting that there would be a second hearing at which these violations would be heard. Show Cause Letter from the District of Columbia Taxicab Commission to Nana Yaw (Mar. 30, 1989) (emphasis added). Because Yaw was entitled to be made aware of the scope of the charges to be addressed at the hearing, we remand this case to the Commission. If the Commission, in its discretion, decides to proceed further with this matter after remand, the Commission should direct the Panel to provide notice of the failure to appear charges and to conduct a hearing at which Yaw will have the opportunity to explain his conduct. *See Hedgman v. District of Columbia Hackers' License Appeal Bd.*, 549 A.2d 720, 724 (D.C.1988).

*So ordered.*

---

[1] Yaw also contends that the Panel lacked the authority to impose a fine for his failure to appear violations, asserting that the Taxicab Commission has not promulgated any rules providing for "failure to appear" sanctions. On remand, the Panel should state the basis of its authority to impose such sanctions.