THIGPEN, Judge.
This ease involves an order by the Board of Dental Examiners of Mabama (Board) *137 suspending Dr. Teresa Maxwell’s license to practice dentistry. .
Alter notice and an administrative hearing, the Board, pursuant to Ala.Code 1975, § 34-9-18(b), suspended Maxwell’s license to practice dentistry in Alabama for 30 days and fined her $2,000 for gross negligence in the practice of dentistry. Ala.Code 1975, § 34-9-18(a)(6). After the Board denied her motion for rehearing, Maxwell filed a petition for judicial review in the Circuit Court of Montgomery County and a notice of review with the Board. The trial court upheld the Board’s decision. Hence, this appeal.'
Although Maxwell raises two issues on appeal, we find the dispositive issue to be whether the trial court erred in prohibiting Maxwell from presenting extrinsic evidence regarding her claim that the Board’s order was arbitrary.
Maxwell argues that the trial court erred in not allowing extrinsic discovery or post-hearing briefing relating to her claim that the Board’s order was arbitrary. A dentist may seek judicial review in the circuit court of an order of the Board which imposes penalties provided for in Ala.Code 1975, § 34-9-18. Ala.Code 1975, § 34-9-25. The judicial review is not de novo; however, a dentist has the right to present evidence not included in the administrative record to prove that the Board’s order is unlawful or arbitrary, or that it violates due process. Ex parte King, 364 So.2d 318 (Ala.1978), after remand, Board of Dental Examiners v. King, 364 So.2d 319 (Ala.Civ.App.1978).
In the case sub judice, the trial court erred in prohibiting Maxwell from presenting extrinsic evidence regarding whether the Board’s order was arbitrary. Accordingly, the judgment must be reversed, and the cause remanded for the trial court to allow Maxwell to present evidence regarding her claim that the Board’s order was arbitrary.
REVERSED AND REMANDED WITH INSTRUCTIONS.
ROBERTSON, P.J., and YATES, J., concur.