THIGPEN, Judge.
This case involves an order by the Board of Dental Examiners of Alabama (Board) revoking the dental license of Grady S. King.
After notice and an administrative hearing, the Board, pursuant to its authority by virtue of Ala.Code 1975, § 34-9-18(b), revoked King’s dental license on numerous grounds. King filed a petition for judicial review in the Circuit Court of Madison County. The trial court denied King’s motion to submit additional evidence, and, after reviewing the transcript of the proceedings before the Board, upheld the Board’s decision. Hence, this appeal.
Although King raises several issues on appeal, his dispositive issue is whether the trial court erred in refusing to allow King to present extrinsic evidence that the Board had acted unlawfully or arbitrarily, or had denied him due process.
King argues that the trial court erred in refusing to allow him to present additional evidence relating to his claim that the Board’s order was arbitrary. A dentist may seek judicial review in the circuit court of an order of the Board that imposes penalties provided in Ala.Code 1975, § 34-9-18. Ala. Code 1975, § 34-9-25. Although the statute does not permit de novo review, a dentist has the right to present evidence not included in the administrative record, to prove that the Board’s order is unlawful or arbitrary, or that it violates due process. Ex parte King, 364 So.2d 318 (Ala.1978), after remand, Board of Dental Examiners v. King, 364 So.2d 319 (Civ.App.1978).
The trial court erred in prohibiting King from presenting extrinsic evidence regarding whether the Board’s order was arbitrary. Accordingly, the judgment must be reversed, and the cause remanded for the trial court to allow King to present evidence regarding his claim that the Board’s order was arbitrary.
REVERSED AND REMANDED WITH INSTRUCTIONS.
ROBERTSON, P.J., and YATES, J., concur.