THIGPEN, Judge.
The City of Jasper (City) appeals from the circuit court’s ruling upholding the decision of the Civil Service Board of the City of Jasper (Board) restoring Kenneth Burkett to his position as a police officer. The City argues on appeal that the Board erred in refusing to allow the City to conduct a voir dire examination of its members before its hearing to determine whether any of the members should be disqualified for bias against the City or in favor of Burkett. Additionally, the City argues that one witness’s testimony that, before any hearing, she overheard a Board member state that the Board would “put him back to work” was sufficient evidence for the trial court to reverse the findings of the Board and to order a new hearing.
The following facts are pertinent to this appeal: Burkett had been employed as a police officer with the City for approximately 20 years. In October 1992, the chief of police and Burkett’s supervisor informed Burkett and other officers that, in accordance with police department guidelines, no vacation periods were to extend beyond November 15, 1992. Subsequently, Burkett extended his vacation two days beyond November 15, and his employment, was terminated for being absent without leave and for violating a direct order. Burkett contended that, before his vacation, he had discussed the matter with the mayor and had informed his supervisors that his leave schedule exceeded the November 15 deadline. Burkett contended *763 that the Mayor assured him that no one would lose vacation time. Burkett further claimed that, when he submitted his leave schedule, reflecting leave extending two days past the deadline, to his immediate superior, no objection was made. Upon his return from leave, after being given an opportunity to explain his absence, he was discharged from his employment.
Burkett appealed his discharge to the Board, which held a hearing in December 1992. Subsequently, the Board ordered that Burkett be restored to his position as a police officer; the City appealed to the circuit court.
The City, inter alia, contended before the circuit court that certain members of the Board had made statements before the December hearing, indicating that they were going to rule in favor of Burkett, or the City contended that making such statements violated the City’s right to due process. In addition to appealing to the circuit court, the City also petitioned for a writ of mandamus, asking the court to order the Board to nullify its decision and to remove its present members from the Board for purposes of rehearing the matter of Burkett’s employment termination. After much procedural maneuvering, the court held an ore tenus proceeding in April 1994 on the issue of whether the City had proven a denial of due process. At the hearing, the trial court allowed the testimony of the questioned Board member regarding his prior statements and alleged bias, as well as the testimony of another witness who purportedly had heard those statements. In its written order affirming the findings and order of the Board and denying the alternative petition for a writ of mandamus, the trial court noted:
“The duty of the Court in a ease such as this is to determine if all parties were afforded due process of law. The Court cannot substitute its judgment for that of the Civil Service Board if, in fact, due process has been afforded. The City of Jasper argues that the Civil Service Board was biased in this case and was not able to give the City a fair hearing.
“Upon consideration of all evidence presented and of all the Pleadings herein, the Court finds that the evidence presented by the City of Jasper is insufficient to overturn the decision of the Civil Service Board. While a fair and impartial tribunal is a necessary component of due process, a mere allegation of impropriety on the part of one member of the Board, without substantiation or corroboration, is not sufficient to require reversal of the Board’s decision.”
The dispositive issue on the City’s appeal to this court is whether the City was afforded due process before the Board. We begin with the basic assumption that “without a showing to the contrary, state administrators ‘are assumed to be men of conscience and intellectual discipline, capable of judging a particular controversy fairly on the basis of its own circumstances.’ United States v. Morgan, 313 U.S. 409, 421, 61 S.Ct. 999, 1004, 85 L.Ed. 1429 (1941).” Withrow v. Larkin, 421 U.S. 35, 55, 95 S.Ct. 1456, 1468, 43 L.Ed.2d 712 (1975). This presumption has previously been applied by our appellate courts. Board of Dental Examiners v. King, 364 So.2d 311 (Ala.Civ.App.1977), rev’d on other grounds, Ex parte King, 364 So.2d 318 (Ala.1978), on remand, Board of Dental Examiners v. King, 364 So.2d 319 (Ala.Civ.App.1978).
In order to rebut this presumption, “a party seeking to demonstrate prejudice or antipathy on the part of one or more board members must show at the outset of (or during) the hearings before the board that the risk of bias is intolerably high or such that there is a substantial temptation on the part of the members sitting in their quasi-judicial capacity to pre-judge the case with regard to any issue to be presented (or actually presented) by the party challenging the board’s impartiality.” Board of Dental Examiners v. King at 317. Thus, regardless of whether the City should have been allowed to conduct a voir dire examination of the members of the Board, the City was free to introduce any evidence it had, either at the outset or during the hearing itself, to attempt to demonstrate the risk of bias or prejudice of any of the members. Act No. 113, 1965 Ala.Acts (1st Sp.Sess.), provided a civil service system for the City; it expressly stated *764 in Section 14.(b) that “the Board’s finding of fact[s] shall be final and conclusive.” On appeal, the circuit court’s review is in the nature of a certiorari review, i.e., the review is limited to the record made before the Board and the questions of law presented. Accordingly, “this court’s review is also based on a review of the record made before the Board and we look only to see if its findings are supported by substantial evidence.” Guthrie v. Civil Service Board of City of Jasper, 342 So.2d 372, 375 (Ala.Civ.App.1977). An exception exists, however, where a party attempts to show that the Board’s action denied him due process and “boards, as well as courts, must observe that fundamental right. And this may be shown by evidence not included in the transcript of the proceedings before the Board.” Ex parte King, 364 So.2d at 318 (Ala.1978).
Thus, in accordance with these precepts, in addition to its review of the record before the Board, the trial court heard additional testimony from Michael Shumate, a Board member accused of being prejudicial, and Teresa McDonald, a former employee of the police department who is now a security guard, who claimed to have overheard Shumate make prejudicial remarks before the Board’s hearing. McDonald testified that before the Board hearing, she was in Shumate’s place of employment and stated that he and another Board member, “Skip” Middleton, were going to see that Burkett got his job back. McDonald testified that she heard comments of this type on more than one occasion from Shumate, and that she reported these conversations to the chief of police within a few days after learning that Burkett had been fired. McDonald gave a sworn statement on January 7,1993. Her testimony at trial indicated that she had heard Shumate discussing the matter with Burkett, stating in substance that he was working with Middleton to get Burkett’s job back. Her prior sworn statement conflicted with her testimony given when she was questioned regarding conversations between Shumate and Burkett. Further, McDonald testified that she was certain that the statements she heard were made between the time that Burkett was fired and the Board hearing in December. She testified, however, that she did not actually know when the hearing was, and that she believed there were two hearings.
Shumate denied telling anyone that he and another Board member were going to ensure that Burkett got his job back, or that he had made any statement indicating a predetermined decision on the matter. He testified that he did not recall discussing the matter with Burkett before the hearing and did not recall the exchange with McDonald, although he did admit that he may have told her that after the Board had heard the case, it would rule, and that if it ruled in Burkett’s favor, he would get his job back. He testified that before the hearing, he did not have his mind made up regarding whether Burkett would be restored to his job, and that he and Middleton did not discuss the ease before hearing the evidence. He further testified that he had never gone into any case with a predetermined mind, and that he always had an open mind before a hearing.
“In order to sustain a due process violation, the evidence must show that the risk of bias is intolerably high, or that there is a substantial temptation to prejudge the case.” State Tenure Commission v. Randolph County Board of Education, 523 So.2d 1076, 1077 (Ala.Civ.App.1988).
After considering the law and the facts, we cannot say that the risk of bias was intolerably high, or that there was a substantial temptation on the part of the Board to prejudge the case; accordingly, the judgment of the trial court affirming the findings and conclusions of the Board is due to be, and it is hereby, affirmed.
The Board’s request for attorney fees is denied.
AFFIRMED.
ROBERTSON, P.J., and YATES, MONROE, and CRAWLEY, JJ„ concur.