We granted certiorari in this cause because we have not heretofore expressed an opinion on the scope of review in the circuit court under § 34-9-25, Code 1975, formerly Title 46, § 120 (30). We cannot agree with the Court of Civil Appeals,364 So.2d 311, that the circuit court is limited to matters documented in the transcript of the proceedings held before the State Board of Dental Examiners.
We agree that the statute does not permit a de novo hearing in the circuit court. However, a dentist disciplined by the Board has a clear right to show by the evidence that the Board's action denied him due process. All boards, as well as courts, must observe that fundamental right. See Katz v.Alabama State Board of Medical Examiners, 351 So.2d 890 (Ala. 1977). And this may be shown by evidence not included in the transcript of the proceedings before the Board. We cannot agree with the Court of Civil Appeals in holding that the statute precludes the introduction of independent or extraneous evidence in the circuit court to establish a claim that the Board acted unlawfully or arbitrarily or in such a manner as to deny Dr. King due process.
We, therefore, reverse and remand to the Court of Civil Appeals to determine whether the trial court erred in holding that the Board acted unlawfully or arbitrarily as shown by the evidence or in such a manner as to deny due process and, in making this determination, the Court of Civil Appeals is not limited to the proceedings before the Board.
REVERSED AND REMANDED. *Page 319 
BLOODWORTH, MADDOX, FAULKNER, JONES, ALMON, EMBRY and BEATTY, JJ., concur.
TORBERT, C.J., concurs specially.