On application for rehearing, the original opinion heretofore issued on May 1, 1985, is hereby withdrawn and the following opinion substituted in lieu thereof.
On August 22, 1983, after notice and hearing, the Board of Dental Examiners of Alabama (Board) found Dr. Richard D. Vining (Vining) guilty of fourteen counts of fraud, deceit or misrepresentation in filing and collecting insurance claims for work before performance or never performed, pursuant to §34-9-18 (1), Code of Alabama 1975. Vining's license to practice dentistry was revoked for nine months. At the end of that time he could reapply for his license. From this order, Vining appealed to the Jefferson County Circuit Court where the Board's order was affirmed. Vining now brings his appeal to this court.
Our review of this case is to determine whether the Board acted unlawfully or arbitrarily or in such a manner as to deny due process. Board of Dental Examiners v. King, 364 So.2d 318
(Ala. 1978).
Vining in his first of eight issues assigned on appeal contends that § 34-9-18 (1), Code 1975, is unconstitutionally vague, indefinite and overly broad. More specifically, he states that the alternative charge of unknowing misrepresentation could include anything from a check accidentally drawn on insufficient funds to a mistake on his income tax return.
It is appropriate to point out that laws are presumed to be constitutional. State Board of Health v. Greater Birmingham *Page 609 Association of Home Builders, 384 So.2d 1058 (Ala. 1980). All provisions of the Alabama Dental Practice Act, §§ 34-9-1 to -47, are to be liberally construed to carry out its objects and purposes. § 34-9-2, Code 1975. Keeping these guidelines in mind, we cannot say that this statute is unconstitutionally vague or indefinite. Mistaken misrepresentation is a common law cause of action that has long been recognized and is now codified in § 6-5-101, Code of Alabama 1975. Even in interpreting the constitution, recurrence may be had to the principles of common law. Mayor of Mobile v. StonewallInsurance Co., 53 Ala. 570 (1875). We find no merit in this argument, particularly as applied in this case.
Next, Vining contends § 34-9-18 (1) is unconstitutional in that the charged misconduct (fraud, deceit, misrepresentation) bears no rational relationship to the objectives of the Alabama Dental Practice Act. Vining points out that the objectives are to assure the health, safety and welfare of the public. §34-9-2, Code 1975. Vining, in effect, asks us to separate the financial management of the practice of dentistry from the care and treatment of patients. However, we note that an additional purpose of the act is to promote the confidence of the public in the dental profession. Applying a liberal construction as mandated, this purpose is achieved not only by high standards of skill in the profession but by high standards of personal conduct in the profession as well. See, Feldstein v. Board ofRegistration in Medicine, 387 Mass. 339, 439 N.E.2d 824 (1982);Kaplan v. Department of Registration and Education,46 Ill. App.3d 968, 5 Ill.Dec. 303, 361 N.E.2d 626 (1977). We find that there is a rational relationship between the charged misconduct and the legislative purpose of the act. We note that these constitutional issues do not relate to due process and were not raised at the hearing and may be waived. King, supra;Barnes v. State, 274 Ala. 705, 151 So.2d 619 (1963).
Vining's third contention is that the Board's order is defective in that it does not show that the order was approved by at least a majority of the Board and was not under the official seal. Vining claims that this defect is a denial of procedural due process.
As to the majority vote contention, we refer Vining to the long-standing appellate presumption that the proceedings below were correctly held unless the contrary appears in the record.Butler v. Olshan, 280 Ala. 181, 191 So.2d 7 (1966). Vining admits that the final order of the Board does not reflect the vote. The burden is on the party alleging error to show it affirmatively by the record on appeal. Chestnut Hills CivicAssociation v. Dobbins, 361 So.2d 1043 (Ala. 1978). Vining has not met his burden on this issue. The absence of an official seal on the order is not a denial of due process. If anything, it is harmless error. See, Ferguson v. Hamrick, 388 So.2d 981
(Ala. 1980), harmless error rule applicable to an administrative proceeding.
Vining next contends he was denied due process because the findings of the Board did not contain the requisite specificity for an administrative order. The defect which Vining claims to be fatal is that the order finds him guilty in the alternative of fraud, deceit or misrepresentation, whether knowingly or unknowingly, in obtaining money.
In Katz v. Alabama State Board of Medical Examiners,351 So.2d 890 (Ala. 1977), our supreme court stated that for minimal due process, an administrative order must contain a revelation of the evidence on which the order is based and a conclusion based on that evidence. That case makes no other mention of the content of the order. In our case sub judice, the facts which form the basis of the Board's decision are cited extensively. The Board's conclusion of guilt merely tracks the alternative language of § 34-9-18 (1). We find that the minimum requirements of due process were met. Furthermore, we cite additional support for our holding in the new Alabama Administrative Procedure Act which specifically allows the administrative *Page 610 
Board to track the language of the applicable statute. §41-22-16 (b).
Vining's fifth contention attacks the Board's hearing on two grounds; first, that the Board failed to prove that the insurance companies relied on Vining's misrepresentations; and second, that it was not Dr. Vining who received those insurance payments, but his professional association. However, these arguments are specious and come too late. Without conceding that direct proof of reliance by the insurance company was necessary, we deem it sufficient that the insurance companies paid spurious claims certified by Vining. He may not thus take cover behind the legal facade of a professional association comprised of himself.
Next, Dr. Vining contends that the evidence used in the administrative hearing was obtained by illegal search and seizure and as such should be inadmissible.
At this point, a synopsis of the underlying facts is in order. Dr. Vining is a relatively young dentist who purchased the dental practice of Dr. Robert Fikes in Winfield, Alabama. Fikes was retained on an as-needed "contract labor" basis. One day in late February of 1983, a dental assistant confided in Dr. Fikes that Dr. Vining was filing insurance claims for work that had not been performed. Around the first of March, Dr. Fikes' son, also a dentist, informed the Board of Dr. Vining's questionable conduct. Dr. Fikes began searching Dr. Vining's files for patients with insurance in an effort to find discrepancies. Charts were pulled and collected. Dr. Vining went out of town on vacation the week of March 15, 1983. During that week, Dr. Fikes made two copies of all records showing discrepancies. At the same time, the Board hired and sent two Pinkerton detective agents to the office to investigate the complaint. When they arrived, they were ushered into Dr. Vining's private office. However, there was no testimony that the agents asked for or looked through any records while there. The Board later acquired copies of Dr. Vining's patient and billing records from Dr. Fikes or employees in the office. The agents subsequently had each of the employees make written statements of their knowledge of the records.
The Dental Board is a state agency. See, 40 Words Phrases,State Agency (1964); State Licensing Board of Contractors v.State Civil Service Commission, 240 La. 331, 110 So.2d 847
(1959). Hence, the Pinkerton agents were agents of the state. However, after carefully reviewing the seven volumes of transcript in this case, we are not convinced that those agents actually conducted a search. All records and names were apparently obtained by Dr. Fikes and the employees. Therefore, no governmental search occurred, and the exclusionary rule is not applicable on that basis. In holding thusly, we do not say that if there was a governmental search, that the exclusionary rule would apply in this case. In summary, the evidence is not illegal.
Vining next contends that his rights to due process were violated because the Board does not have any written, formal procedures, and they delegate virtually all of their authority to their attorney. Primarily, Vining complains that the Board's attorney was investigator, prosecutor and judge. We have previously held that the combination of investigative and adjudicative functions, alone, in a regulatory body did not create an unconstitutional risk of bias. Board of DentalExaminers v. King, 364 So.2d 311 (Ala.Civ.App. 1977), rev'd onother grounds, 364 So.2d 318 (Ala. 1978). The record shows on its face that more than minimal procedural due process was extended to Vining in the administrative hearing.
Vining also contends that the lack of written rules of procedure led to the fact that no rulings were made on his objections. We find that Vining, represented by counsel, had the responsibility to request a ruling on any objections. By failing to do so, he waived his right to present objections on appeal. Gibson v. F.T.C., 682 F.2d 554 (5th Cir. 1982). *Page 611 
In summary, the Board hearing complied with the minimum due process requirements. The evidence of fraud or misrepresentation obtained by the Board was legal evidence. Other assignments of error brought by Dr. Vining are without legal basis or are harmless. We find no material procedural error. There being substantial evidence in support of the charges and finding of the Board, the judgment of the circuit court is affirmed.
AFFIRMED.
BRADLEY and HOLMES, JJ., concur.