[EDITORS' NOTE: THIS PAGE CONTAINS HEADNOTES. HEADNOTES ARE NOT AN OFFICIAL PRODUCT OF THE COURT, THEREFORE THEY ARE NOT DISPLAYED.] *Page 15 
The Board of Dental Examiners of Alabama (Board) revoked Dr. Joseph P. Delavan's dental license. The trial court upheld the Board's decision, and Delavan appeals.
The Board charged Delavan with gross immorality and gross negligence in his dentistry practice. *Page 16 
In August 1991, Delavan was served with written notice of the charges against him, which resulted from allegations of sexual misconduct involving some patients, including a minor, and an employee. A hearing was held and on October 10, 1991, the Board formally revoked Delavan's license to practice dentistry, finding that Delavan had violated certain sections of the Alabama Dental Practice Act (ADPA), specifically Ala. Code 1975, §§ 34-9-18(a)(2) and -18(a)(6), which prohibit gross immorality and gross negligence in the practice of dentistry.
On appeal, Delavan contends that the Board violated his due process rights guaranteed by the Fifth andFourteenth Amendments to the U.S. Constitution and §§ 6, 7, and 13 of the Alabama Constitution of 1901. Delavan further argues that the ADPA provisions of Ala. Code 1975, §§ 34-9-18(a)(2) and -18(a)(6), violate his substantive due process rights under the above-referenced constitutional provisions, because he alleges that the ADPA sections are unconstitutionally vague, overbroad, and unreasonable. Delavan also contends that consensual sexual activity between a dentist and an employee or patient cannot be "gross negligence" or "gross immorality," and that the Board's order is clearly erroneous in view of the evidence.
Our review of this case is limited to determining whether the Board acted unlawfully or arbitrarily, or in such a manner as to deny due process. Board of Dental Examiners v. King,364 So.2d 318 (Ala. 1978). The right to engage in the profession of dentistry is a property right, and that right may be abrogated only by compliance with due process of law. King, supra. It is well settled in Alabama that due process must be observed by all boards, as well as the courts. Medical ServicesAdministration v. Duke, 378 So.2d 685 (Ala. 1979). The requirements of due process include adequate notice and a reasonable opportunity to prepare a defense with the assistance of counsel. Parducci v. Payne, 360 So.2d 1023
(Ala.Civ.App. 1978). See also Davis v. Alabama State University,613 F. Supp. 134 (M.D.Ala. 1985).
Delavan asserts that his rights of due process were violated because the Board limited his pre-hearing discovery. The record reveals that the Board permitted Delavan to depose several witnesses, including those hostile to his position. Broad discretion must be afforded in non-judicial administrative settings. Davis, supra. We find that Delavan was afforded sufficient opportunity to engage in discovery. This finding is strengthened in light of the fact that there is no constitutional right to pre-hearing discovery in administrative proceedings. Dawson v. Cole, 485 So.2d 1164
(Ala.Civ.App. 1986), citing Silverman v. Commodity Futures TradingCommission, 549 F.2d 28 (7th Cir. 1977).
Delavan next contends that the Board wrongfully denied him access to its investigator's notes and tapes. We disagree. Materials produced in anticipation of litigation are not discoverable by an adverse party, unless that party can show substantial need of those materials, and can show that he cannot obtain the substantial equivalent of the materials without undue hardship. Ex parte State Farm Mutual AutomobileInsurance Co., 386 So.2d 1133 (Ala. 1980). The record shows that Delavan deposed all the persons who were interviewed by the Board's investigator; hence, Delavan already had access to the same information as the investigator. Therefore, Delavan had ample opportunity to obtain substantially equivalent materials and could not show a need.
Delavan alleges a further due process violation because the Board amended its original complaint against him four days before the hearing. We find this allegation to be without merit. Ala. Code 1975, § 34-9-24, requires twenty days' notice of charges. Delavan was given twenty days' notice of the original charges. The amendments merely clarified the original charges and added an alternative method for proving gross immorality. Delavan was not prejudiced in any way, because no new factual material or allegations were presented *Page 17 
by the new amendments. Goolsby v. Green, 431 So.2d 955
(Ala. 1983).
Delavan's next contention, that the Board's hearing officer improperly participated in the Board's deliberations, raises the most troubling due process issue. Delavan argues that the hearing officer is analogous to a judge in a jury trial, and a judge is not allowed to participate in a jury's deliberations.Edwards v. Seaboard Coast Line R.R., 384 So.2d 96 (Ala. 1980). A medical disciplinary hearing is a special statutory proceeding which purports to maintain sound professional conduct by determining whether a physician has conformed to reasonable standards of medical care; such a proceeding is not judicial, but administrative or, at most, quasi-judicial. 70 C.J.S.Physicians and Surgeons § 43 (1987). The evidence reveals that the hearing officer was present when the Board deliberated, and that he questioned the Board regarding a routine dental practice. An appellate court should view the procedural aspects of an administrative body's proceedings with less strictness than it would the procedural aspects of a lower court's proceedings. Ferguson v. Hamrick, 388 So.2d 981 (Ala. 1980). The record reveals that the hearing officer did not attempt to influence or persuade the Board in any way, and that his one question did not interfere with Delavan's due process rights.
Delavan's next contention, that the Board's order contains a fatal variance, is without merit. Delavan contends that the order is inconsistent because it found he had "consensual" sexual relations with an employee and with a 16-year-old patient, but the order then concludes that he "sexually assaulted or abused" the women. Delavan argues that this inconsistency violates his rights of due process. We disagree. The Board may have or could have found that Delavan committed abuse in seducing a 16-year-old patient and a nurse, and that he abused his professional relationship with them. Additionally, we note that Delavan's conduct with other females listed in the order is not characterized as "consensual." Therefore the error, if any, is harmless. Rule 45, A.R.App.P.
Delavan's next contention is that Ala. Code 1975, §§34-9-18(a)(2) and -18(a)(6) are unconstitutionally vague, overbroad, and unreasonable, in allowing the revocation of a dental license for "gross immorality" or for "gross negligence." It is a fundamental proposition that validly enacted legislation is presumed to be constitutional. StateBoard of Health v. Greater Birmingham Association of HomeBuilders, Inc., 384 So.2d 1058 (Ala. 1980). Further, the provisions of the ADPA, relating to the practice of dentistry, are to be liberally construed to carry out its objects and purposes. Ala. Code 1975, § 34-9-2. Given these predicates, this court cannot find that the "gross immorality" section of the ADPA is unconstitutionally vague, overbroad, or unreasonable. One of the purposes of the ADPA is to promote high standards of personal conduct in the dental profession. Vining v. Board ofDental Examiners of Alabama, 492 So.2d 607
(Ala.Civ.App. 1985). Given the language of the "gross immorality" statute, we conclude that Delavan was given reasonable notice that his conduct fell within the scope of Ala. Code 1975, §34-9-18(a)(2). We further note that other jurisdictions have upheld the constitutionality of statutes revoking a medical license for immorality. See, e.g. Appeal of Plantier, 126 N.H. 500,494 A.2d 270 (1985); Baxter v. Arkansas State Board ofDental Examiners, 269 Ark. 67, 598 S.W.2d 412 (1980); Perez v.Missouri State Board of Registration for the Healing Arts,803 S.W.2d 160 (Mo.App. 1991); and Martinez v. Texas State Board ofMedical Examiners, 476 S.W.2d 400 (Tex.Civ.App. 1972).
We similarly hold that Ala. Code 1975, § 34-9-18(a)(6), the "gross negligence" section, is not unconstitutionally vague, overbroad, or unreasonable. This court addressed the same claim in Board of Dental Examiners v. King, 364 So.2d 311, 316
(Ala.Civ.App. 1977), rev'd on other grounds, 364 So.2d 318 (Ala.), on remand, 364 So.2d 319 (Ala.Civ.App. 1978), and wrote: *Page 18 
 "Where statutory language is such that it provides a sufficiently definite warning so that the conduct sought to be prohibited may be ascertained or comprehended within the common meaning of words or practices, such language will not be held to be unconstitutionally vague."
In a related argument, Delavan contends that consensual sexual activity cannot be "gross immorality" or "gross negligence"; therefore, he argues, Ala. Code 1975, §§34-9-18(a)(2) and -18(a)(6) are so vague, indefinite, and uncertain as to violate his due process rights. Not all of Delavan's conduct has been characterized as "consensual"; therefore, that portion of his argument must fail. For the reasons stated previously, the Board's interpretation of "gross immorality" or "gross negligence" includes Delavan's conduct. Delavan clearly knew or should have known that his behavior was proscribed by the ADPA.
Delavan's final contention is that the Board's findings of fact and conclusions of law are clearly erroneous in view of the evidence, and are therefore due to be set aside. In other words, the issue before this court is that which was apparently before the circuit court — whether the Board's decision which revoked Delavan's license was clearly erroneous because it was not supported by substantial evidence, or whether it was arbitrary, capricious, and unreasonable. See Ala. Code 1975, §§41-22-20(k)(6) and -20(k)(7). See also Board of DentalExaminers v. King, 364 So.2d 318 (Ala.), after remand,364 So.2d 319 (Ala.Civ.App. 1978). The Dental Board is a state agency (see Vining, supra), and as such, its decision is presumed to be correct and will be affirmed unless it is arbitrary or capricious or fails to comply with applicable law.State Health Planning Resource Development Administration v.Rivendell of Alabama, Inc., 469 So.2d 613 (Ala.Civ.App. 1985). Further, this court reviews the trial court's ruling with no presumption of correctness, "since that court was in no better position to review the order of the Board than we are."Rivendell at 614. Thus, our review of this case is limited to determining whether the Board's decision was made in compliance with applicable law, whether the Board's decision was arbitrary and unreasonable, and whether the Board's decision was supported by substantial evidence. Health Care Authority of theCity of Huntsville v. State Health Planning Agency,549 So.2d 973 (Ala.Civ.App. 1989).
While this court may deem the action taken in revoking Delavan's license to have been somewhat extreme, nevertheless, neither this court nor the circuit court may substitute its judgment for that of the administrative agency. Health CareAuthority, supra. Following our thorough and careful review of the entire record, including psychological testimony, we find that there is evidence in the record to support the Board's findings of fact and conclusions of law. We conclude that the Board has not acted arbitrarily or unlawfully, and that Delavan's due process rights were not denied.
Therefore, the judgment of the trial court is due to be affirmed.
AFFIRMED.
All the Judges concur.