ROBERTSON, Presiding Judge.
The Board of Dental Examiners of Alabama (Board) served notice on Samuel G. Townsley, Jr., D.D.S., requesting him to appear and to show cause why his license to practice dentistry should not be suspended or revoked. Two of Townsley’s former patients alleged that he was compensated for root canal procedures which he had not performed. Townsley was already on probation for permitting his dental hygienists and assistants to do procedures which they were not qualified to perform.
The notice of the hearing date was sent to Townsley 30 days prior to the hearing. At the hearing, Townsley was represented by counsel and was permitted to present evidence, although he was not permitted to introduce all the evidence he proffered. The prosecutor for the Board presented testimony from the two former patients, Donna and Scottie Wilson, their present dentist, and another former patient of Townsley.
After hearing the evidence, the Board ordered that Townsley’s license to practice dentistry in the State of Alabama be suspended for a period of six months; that at the end of the suspension, his license be reinstated for a five-year probationary period; that Townsley pay the Board an administrative fine in the amount of $3,000; and that Townsley pay the Board the costs of the disciplinary proceeding in the amount of $2,000.
On April 30, 1992, Townsley filed a notice of appeal pursuant to § 41-22-20, Ala.Code 1975. On June 2, 1992, Townsley, pursuant to § 41-22-20(d), Ala.Code 1975, filed a petition for judicial review in the Circuit Court of Baldwin County, Alabama.
After an ore tenus proceeding, the trial court entered an order setting aside the ruling of the Board, pending a rehearing of the charges. The trial court held that the Board improperly denied Townsley the opportunity to establish a proper predicate for the introduction of copies of the Wilsons’ X-rays and that due to the short notice of the hearing, evidence which may have been relevant was not available due to litigation of another matter. The trial court also held that the hearing officer erroneously allowed the Board’s prosecutor to present testimony concerning another patient who had allegedly been defrauded by Townsley.
The Board appeals, contending that its decision was supported by substantial evidence, that the administrative proceeding was lawful and constitutional, and that the Board’s decision was not unreasonable or arbitrary.
This court reviews the judgment of the trial court with no presumption of correctness, since the trial court was in no better position to review the order of the board than we are. Delavan v. Board of Dental Examiners, 620 So.2d 13 (Ala.Civ.App.1992). However, a presumption of correctness attaches to the decision of the administrative agency due to its recognized expertise in a specific, specialized area. Gillespie v. Alabama Alcoholic Beverage Control Board., 572 So.2d 493 (Ala.Civ.App.1990).
Our review of this case is limited to determining whether the Board acted unlawfully or arbitrarily, or in such a manner as to deny Townsley due process. Delavan, supra. The right to engage in the profession of dentistry is a property right, and that right may be abrogated only by compliance with due process of law. Board of Dental Examiners v. King, 364 So.2d 318 (Ala.1978). It is well-settled law in Alabama that due process *6 of law must be observed by all boards, as well as the courts. Medical Services Administration v. Duke, 378 So.2d 685 (Ala.1979). The requirements of due process include adequate notice and a reasonable opportunity to prepare a defense with the assistance of counsel. Parducci v. Payne, 360 So.2d 1023 (Ala.Civ.App.1978); see also Davis v. Alabama State University, 613 F.Supp. 134 (M.D.Ala.1985).
Section 34-9-24, Ala.Code 1975, requires that 20 days’ notice of the charges be given to the licensee. Townsley was given 30 days’ notice of the charges; therefore, we find that he had adequate notice within the meaning of due process.
Townsley was represented by counsel at the hearing, had an opportunity to cross-examine the witnesses, and had the opportunity to present evidence in his own defense. Townsley’s counsel had the opportunity to subpoena the original X-rays and records of Townsley’s two former patients, but, instead, he attempted to introduce copies of the Wil-sons’ X-rays. We look to § 41-22-13, Ala. Code 1975, for the applicable rules of evidence utilized in an administrative proceeding. Section 41-22-13(2), Ala.Code 1975, specifically provides:
“Documentary evidence otherwise admissible may be received in the form of copies or excerpts, or by incorporation by reference to material already on file with the agency. Upon request, parties shall be given an opportunity to compare the copy with the original.”
(Emphasis added). During the administrative proceeding, Townsley attempted to introduce copies of X-rays, purportedly of the teeth of Donna and Scottie Wilson. The prosecutor for the Board objected to the introduction of or any testimony regarding the X-rays since Townsley merely provided the Board with duplicates. When the Board asked Townsley to produce the original X-rays, Townsley responded that they were in Opelika, Alabama. Townsley’s offer of proof for the admission of the copies was based upon the fact that he had sold his practice and did not have access to the X-rays and that, therefore, he should be allowed to introduce duplicates. Regardless of his reasons, the rule expressly states that upon request, the parties shall be given an opportunity to compare the copy with the original. Due to the request by the Board for the original X-rays and to Townsley’s failure to produce the originals, we find that the Board properly excluded the duplicate X-rays and any testimony regarding them.
The Board allowed limited evidence to be presented concerning Townsley’s similar fraud on another former patient, relating to the billing for a root canal procedure which Townsley did not perform. Townsley contended that this was improper and prejudicial and the trial court agreed.
The Alabama Supreme Court has declared:
“Although past dealings of a party with a nonparty are normally excluded as irrelevant, this prior conduct becomes competent evidence when the intent of the party is in issue. In a fraud action, the intent, knowledge and scienter constitute essential elements of the offense, and evidence of similar frauds and misrepresentations is commonly admissible.”
Kabel v. Brady, 519 So.2d 912, 918 (Ala.1987) (citations omitted). The supreme court further explained that great latitude is allowed in admitting evidence on the issue of an alleged fraud, since most often the perpetrator of the fraud is the sole possessor of actual knowledge of such fraud. Kabel, supra.
We find that evidence of a similar fraud by Townsley was properly admitted in the administrative proceeding since the allegations against Townsley involved claims of fraudulent acts. C. Gamble, McElroy’s Alabama Evidence, § 70.03 (4th ed. 1991) (stating that fraudulent acts similar to that complained of are admissible when “in keeping with a common plan or scheme to defraud”).
In reviewing the Board’s disciplinary action, this court may not substitute its judgment for that of the administrative agency. Delavan, supra. We hold that the Board did not act arbitrarily or unlawfully and that Townsley was afforded due process. The judgment of the trial court is reversed, and the case is remanded for an entry of a judgment affirming the Board’s actions.
*7 REVERSED AND REMANDED WITH DIRECTIONS.
THIGPEN and YATES, JJ., concur.