The Alabama Board of Chiropractic Examiners received a complaint alleging that Dr. Ervin Chafian had sexually harassed one of his patients and that he had charged that patient's insurance company for services that were never performed. After investigating the allegations of the complaint, the Board filed a formal administrative complaint against Chafian, charging him with three counts of unprofessional conduct in the nature of sexual harassment and thirteen counts of unprofessional conduct in the nature *Page 761 
of overutilization (exploitation of a patient for financial gain).
Following an administrative hearing, the Board found Chafian guilty of two counts of sexual harassment and thirteen counts of overutilization. He was fined, and his license was suspended for 60 days.
Chafian filed a petition for judicial review in the Circuit Court of Montgomery County. He subsequently filed a motion for summary judgment, alleging various substantive and procedural issues. After hearing oral arguments and reviewing the material presented for review, the trial court determined that the Board's findings of fact were supported by the record and that the Board's findings of fact and conclusions of law were neither clearly erroneous, arbitrary, and/or capricious. Chafian filed a motion to alter or amend the judgment, requesting that the trial court rule on his motion for summary judgment. The trial court denied Chafian's request, finding that it was without jurisdiction to entertain a motion for summary judgment in an administrative setting. It determined, however, that Chafian was afforded substantive and procedural due process by the Board. Chafian appeals.
Our review of this case is limited to determining whether the Board acted unlawfully or arbitrarily, or in such a manner as to deny Chafian due process. Delavan v. Board ofDental Examiners, 620 So.2d 13 (Ala.Civ.App. 1992).
Chafian asserts that the trial court erred in refusing to consider his motion for summary judgment.
The trial court determined that it did not have the authority to rule on the motion for summary judgment. We do not decide whether summary judgment is a proper pleading for this type of review. Rather, we find that the trial court's findings — that the Board's findings and conclusions were not erroneous, arbitrary, or capricious and that Chafian was not denied substantive or procedural due process — addressed all the issues presented in Chafian's petition for review and in his motion for summary judgment. We find no error.
Chafian asserts that the trial court erred in refusing to grant a trial de novo.
Section 34-24-175(d), Code 1975, provides that judicial review of the Board's final decision is to be conducted in accordance with §§ 41-22-20 and -21, Code 1975, of the Alabama Administrative Procedure Act. Section 41-22-20 provides, in pertinent part:
 "(i) In proceedings for judicial review of agency action in a contested case, except where appeal or judicial review is by a trial de novo, a reviewing court shall not itself hear or accept any further evidence with respect to those issues of fact whose determination was entrusted by law to the agency in that contested case proceeding. . . ."
 "(j) The review shall be conducted by the court without a jury and, except as herein provided, shall in the review of contested cases be confined to the record and the additions thereto as may be made under subsection (i) of the section. . . ."
 "(k) Except where judicial review is by trial de novo, the agency order shall be taken as prima facie just and reasonable and the court shall not substitute its judgment for that of the agency as to the weight of the evidence on questions of fact, except where otherwise authorized by statute."
After considering the above provisions, we find no error with the trial court's refusal to grant a trial de novo.
Chafian asserts that he was denied due process because he was not allowed to take the deposition of the complaining witness prior to the administrative hearing.
Prior to the administrative hearing, Chafian filed a "Motion to President for Leave to Make Discovery," requesting that he be allowed to take the complaining witness's deposition. He averred that the deposition was necessary for a proper evaluation and determination of his defense. The President of the Board entered an order, in which the Board made available "all documentary materials upon which the Board's . . . Complaint against Respondent was based," including a transcript of the one and only interview of the complaining witness. In essence, *Page 762 
Chafian was allowed to have the same information that the Board had.
There is no constitutional right to pre-hearing discovery in administrative proceedings. Delavan. Such a matter is within the discretion of the Board, subject to judicial review. Exparte Civil Service Board, 571 So.2d 1125 (Ala. 1990). We find no abuse of discretion. Chafian was given all the information that the Board had. The President's allowance of the information far exceeded that to which Chafian was constitutionally or statutorily entitled. See Rule 190-X-4-.04,Rules and Regulations, Alabama Board of Chiropractic Examiners.
Chafian asserts that there was a fatal variance between the pleading and the proof. He insists that he was denied due process because, he says, there was a variance between the dates of the acts alleged in the complaint and the dates of the acts offered by the Board during the administrative hearing.
We find no merit to this due process argument. The lack of precise dates of the occurrences of the events did not deprive Chafian of due process. What is at issue here is the notion of adequate notice. Although there was some confusion as to the exact dates on which he overcharged the complaining party's insurance company, Chafian had copies of the insurance company's records, which were furnished to him by the Board, which correctly depicted the dates at issue. Therefore, the error, if any, was harmless. Rule 45, A.R.Civ.P.
Chafian contends that the Board's unprofessional conduct rules are overbroad and/or vague on their face because they make no distinction between innocent, negligent, or intentional conduct.
Chafian failed to raise this constitutional issue at the administrative hearing. It is, therefore, waived. Vining v.Board of Dental Examiners, 492 So.2d 607 (Ala.Civ.App. 1985).
Chafian asserts that the charges brought against him should have been barred by the statute of limitations or by the equitable doctrine of laches.
Section 34-24-166(e), Code 1975, makes all violations of the Board's enabling disciplinary statute Class C misdemeanor offenses. Chafian asserts that because the statute of limitations for misdemeanor offenses is 12 months, § 15-3-2, Code 1975, the charges brought against him, dating back to 1985, should be barred. We reject Chafian's argument. In the absence of specific legislative authority, civil or criminal statutes of limitation are inapplicable to administrative proceedings. 2 Am.Jur.2d Administrative Law § 322 (1962).
Where there is no statutory time limitation applicable to the administrative proceeding, the issue of whether the action should be barred by time depends on the question of laches. Appeal of Plantier, 126 N.H. 500, 494 A.2d 270 (1985); 2 Am.Jur.2d Administrative Law § 321 (1962). The party asserting laches bears the burden of proving that the delay was unreasonable and that prejudice resulted from the delay. The record reveals that Chafian failed to meet this burden. We find no error.
Following our thorough review of the record, we conclude that there was evidence presented to support the Board's findings of fact and conclusions of law. The Board did not act arbitrarily or unlawfully, and Chafian's due process rights were not denied.
The judgment of the trial court is affirmed.
The foregoing opinion was prepared by Retired Appellate Judge L. CHARLES WRIGHT while serving on active duty status as a judge of this court under the provisions of § 12-18-10(e), Code 1975, and this opinion is hereby adopted as that of the court.
AFFIRMED.
All the Judges concur. *Page 763