**ALABAMA STATE UNIVERSITY, Alabama A & M University, on behalf of themselves and a class of all others similarly situated, Plaintiffs,**

v.

**BAKER & TAYLOR, INC. d/b/a Baker & Taylor Books, the Carlye Group Limited Partnership, and W.R. Grace & Co.-Conn., Defendants.**

Civil Action No. 97–D–614–N.

United States District Court,
M.D. Alabama,
Northern Division.

March 11, 1998.

*Clark v. Coats & Clark,* 990 F.2d at 1223 (quoting *Seaman v. Arvida Realty Sales,* 985 F.2d 543, 546 (11th Cir.1993)).

Terry G. Davis, Solomon S. Seay, Jr., Montgomery, AL, R. Jack Drake, William Braxton Schell, Jr., Joe R. Whatley, Jr., Peter H. Burke, Birmingham, AL, Herman Watson, Jr., Huntsville, AL, Douglas C. Adair, Birmingham, AL, for Plaintiffs.

Robert A. Huffaker, Montgomery, AL, Thomas L. Patten, Jon L. Praed, Washington, DC, Samuel H. Franklin, Jere F. White, Jr., Birmingham, AL, for Defendants.

## MEMORANDUM OPINION & ORDER

DE MENT, District Judge.

Before the court is Plaintiffs' Motion to Remand, filed May 12, 1997. Plaintiffs filed a Memorandum in Support of Motion to Remand on May 22, 1997. Defendants filed a Brief in Opposition to Motion to Remand on June 13, 1997. On May 21, 1997, Plaintiffs filed a Motion to Expedite Ruling on Motion to Remand.

Also before the court are Defendants Baker and Taylor, Inc. and Carlye Group's Motions to Dismiss, and Defendant W.R. Grace & Co.-Conn.'s Rule 12(b) Motions and Motion for Stay of Proceedings, all filed May 5, 1997. Alabama A & M filed a Memorandum in Opposition to Motions to Dismiss and Motion to Stay on May 21, 1997.

After careful consideration of the arguments of counsel, the relevant law and the record as a whole, the court finds that Plaintiffs' Motion to Remand is due to be granted. Plaintiffs' Motion to Expedite Ruling on Motion to Remand is due to be denied as Moot. Because the court finds that it lacks subject matter jurisdiction over this action, the court declines to rule on Defendants' Motions to Dismiss and Motion to Stay.

## BACKGROUND

Plaintiffs originally filed this action in the Circuit Court of Montgomery County, alleging various tort and contractual claims against Defendants, arising out of alleged wrongdoing in the sale of books by Defendant Baker & Taylor. Defendants removed this action on April 21, 1997, invoking the court's diversity jurisdiction, pursuant to 28 U.S.C. § 1332. Specifically, Defendants assert that Plaintiffs Alabama State University ("ASU") and Alabama A & M University ("Alabama A & M") are and were at the time the complaint was filed citizens of the State of Alabama, and that the real parties in interest in this action are the Board of Trustees of ASU and Alabama A & M. Furthermore, Defendants assert that each Defendant is a non-Alabama citizen for purposes of diversity jurisdiction. Hence, Defendants contend that this court properly exercises diversity jurisdiction over this action, pursuant to 28 U.S.C. § 1332.[1]

Plaintiffs seek remand of this action, arguing that ASU and Alabama A & M are not citizens of the State of Alabama for purposes of establishing diversity jurisdiction. Rather, Plaintiffs argue that, as state universities, they are alter-egos, instrumentalities, or

---

1. Subsequent to removing this action, Defendants filed various Motions to Dismiss, alleging, *inter alia,* lack of personal jurisdiction, failure to state a claim, and failure to plead the averments in the Complaint with particularity.

arms of the state, thus precluding diversity jurisdiction.

## DISCUSSION

A civil action is removable to federal court pursuant to 28 U.S.C. § 1441(b) if it is one "of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties, or laws of the United States." 28 U.S.C. § 1441(b). If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded. 28 U.S.C. § 1447(c). Because removal jurisdiction raises significant federalism concerns, the removal statutes must be strictly construed. *Shamrock Oil & Gas Corp. v. Sheets,* 313 U.S. 100, 61 S.Ct. 868, 85 L.Ed. 1214 (1941). All doubts must be resolved in favor of a remand to state court. *See Burns v. Windsor Insur. Co.,* 31 F.3d 1092, 1095 (11th Cir.1994)(citing *Boyer v. Snap-on Tools Corp.,* 913 F.2d 108 (3rd Cir.1990), *cert. denied,* 498 U.S. 1085, 111 S.Ct. 959, 112 L.Ed.2d 1046 (1991); *Coker v. Amoco Oil Co.,* 709 F.2d 1433 (11th Cir.1983)); *see also Stone v. Williams,* 792 F.Supp. 749 (M.D.Ala. 1992).

▮ A district court has original jurisdiction over all cases between citizens of different states and where the amount in controversy exceeds $75,000, exclusive of interest and costs. 28 U.S.C. § 1332(a). When federal subject matter jurisdiction is predicated on diversity of citizenship, all plaintiffs must be diverse from all defendants. *Carden v. Arkoma Assoc.,* 494 U.S. 185, 187, 110 S.Ct. 1015, 108 L.Ed.2d 157 (1990).

▮ It is well-established that a state is not a citizen of any state for purposes of diversity jurisdiction under 28 U.S.C. § 1332. *Moor v. Alameda County,* 411 U.S. 693, 717, 93 S.Ct. 1785, 36 L.Ed.2d 596 (1973). A public entity or political subdivision of a State, unless it is simply an "arm or alter ego" of the State, is, however, a citizen of the State for diversity purposes. *Id.* 411 U.S. at 717–18. Where the entity is found to be merely the instrumentality, arm, or alter ego of the state, a suit against the entity is, in

effect, a suit against the state for purposes of diversity analysis. *Id.* Likewise, a suit by an entity deemed to be an alter ego or arm of the state is a suit by the state, rather than a "citizen," for purposes of determining diversity jurisdiction.

It is further well-settled that, in the context of Eleventh Amendment immunity, ASU and Alabama A & M are "alter egos" or instrumentalities of the state, thus immune from suit in federal court. *See United States v. State of Alabama,* 791 F.2d 1450 (11th Cir.1986), *cert. denied,* 479 U.S. 1085, 107 S.Ct. 1287, 94 L.Ed.2d 144 (1987); *Harden v. Adams,* 760 F.2d 1158, 1163–64 (11th Cir.1985)(citing *Massler v. Troy State University,* 343 So.2d 1 (Ala.1977); *Ellison v. Abbott,* 337 So.2d 756 (Ala.1976)); *Davis v. Alabama State University,* 613 F.Supp. 134, 139 (M.D.Ala.1985). However, the question of diversity jurisdiction is distinct from that of immunity, *Parks v. Carriere Consol. School Dist.,* 12 F.2d 37, 38 (5th Cir.1926),[2] and whether ASU and Alabama A & M are alter egos of the state for purposes of determining diversity jurisdiction is an open question in this Circuit.

Despite the distinct analyses accorded Eleventh amendment immunity and diversity jurisdiction, the Eleventh Circuit has imported its Eleventh Amendment reasoning into other contexts, namely when addressing standing and diversity. In *United States v. State of Alabama,* 791 F.2d 1450, 1456 (11th Cir.1986), the Eleventh Circuit cites to its own Eleventh Amendment analysis to support the holding that state universities are "state instrumentalities," thus lacking standing to seek an injunction under 42 U.S.C. § 2000d (Title VI). There, the court states:

In *Harden v. Adams,* 760 F.2d 1158, 1163–64 (11th Cir.1985) [subs. history omitted], this Court determined that state universities such as ASU are agents or instrumentalities of the state. Nothing in Title VI or its legislative history suggests that Congress conceived of a state instrumentality as a "person" with rights under this statute. Title VI provides for a comprehen-

---

2. Decisions of the former Fifth Circuit filed prior to October 1, 1981 constitute binding precedent in the Eleventh Circuit. *Bonner v. City of Prich-* ard, 661 F.2d 1206, 1209 (11th Cir.1981)(en banc).

sive scheme of administrative enforcement, and the Supreme Court has implicitly recognized a private right of action for individuals injured by a Title VI violation. Absent any indication of Congressional intent to grant additional rights under this statute to non-private state subdivisions against the state itself, we decline to infer such a right of action by judicial fiat. *United States v. State of Alabama,* 791 F.2d 1450, 1456–57 (11th Cir.1986). *See also De-Kalb Co. Sch. Dist. v. Schrenko,* 109 F.3d 680, 689 (11th Cir.1997). Likewise, the Eleventh Circuit has recognized the similarity of analysis for determining whether a public entity is an instrumentality of the state for purposes invoking Eleventh Amendment immunity and diversity-of-citizenship jurisdiction. In *Coastal Petroleum Co. v. U.S.S. Agri–Chemicals,* 695 F.2d 1314, 1318 (11th Cir.1983), the court held that the analysis for determining whether the Florida Board of Trustees of the Internal Improvement Trust Fund is a "citizen" for the purpose of diversity jurisdiction is the same as that for determining whether the entity could invoke the Eleventh Amendment immunity doctrine. *Id.* at 1318.

Here, it is undisputed that ASU and Alabama A & M are public entities. Plaintiffs argue that, under well-settled law, they are instrumentalities or alter egos of the State, as well, thus precluding diversity of citizenship jurisdiction in this case. Defendants argue that ASU and Alabama A & M possess attributes of independence sufficient to support the finding that, despite their public entity status, they are citizens of the State of Alabama. In urging the court to conduct an independent examination into whether ASU and Alabama A & M are alter-egos or instrumentalities of the state for purposes of diversity jurisdiction, Defendants argue that the court should analyze the facts of this case in light of a multi-factor analysis adopted by other courts in the same context. *See University of Rhode Island v. A. W. Chesterton Co.,* 2 F.3d 1200, 1217 (1st Cir.1993); *The University of Tennessee v. U.S. Fidelity and Guaranty Co.,* 670 F.Supp. 1379, 1382 (E.D.Tenn.1987). Defendants argue that reviewing applicable statutory provisions defining the powers and responsibilities of the Boards of Trustees of ASU and Alabama A & M in light of such a multi-factor test reveals that these entities are not, in fact, alter egos of the state. (Br. of Defs.' in Opp. to Mot. to Remand at 6–7.) Rather, Defendants argue, ASU and Alabama A & M are sufficiently autonomous from the State of Alabama to render the universities "citizens" of Alabama under the diversity statute. (Br. of Defs.' in Opp. to Mot. to Remand at 7.)

■ The court declines Defendants' invitation to conduct an independent review of the statutory powers and responsibilities of ASU and Alabama A & M, via a multi-factor analysis, to determine whether ASU and Alabama A & M are alter egos or instrumentalities of the State for purposes of diversity of citizenship jurisdiction. Rather, mindful of its duty to resolve all doubts in favor of a remand to the state court, *Burns,* 31 F.3d at 1095, the court finds that the well-settled rule that State universities such as ASU and Alabama A & M are alter egos or instrumentalities of the state for purposes of Eleventh Amendment immunity applies in this context, as well. *See United States v. State of Alabama,* 791 F.2d 1450, 1456–57 (11th Cir. 1986); *Coastal Petroleum Co. v. U.S.S. Agri–Chemicals,* 695 F.2d 1314, 1318 (11th Cir. 1983). Accordingly, the court finds that ASU and Alabama A & M are alter egos or instrumentalities of the state for purposes of determining diversity of citizenship jurisdiction. Because the court has original jurisdiction under 28 U.S.C. § 1332 only where there is complete diversity between the parties, and because an instrumentality or alter-ego of the state is not a "citizen" of any state for purposes of diversity jurisdiction, *Moor,* 411 U.S. at 717–18, the court finds it lacks subject matter jurisdiction, and this matter was improvidently removed. Hence, pursuant to 28 U.S.C. § 1447(c), this case is due to be remanded.

### ORDER

Based on the foregoing, the following is hereby CONSIDERED and ORDERED:

(1) Plaintiffs' Motion to Remand be and the same is hereby GRANTED.

(2) Pursuant to 28 U.S.C. § 1447(c), the above-styled cause be and the same is

hereby REMANDED to the Circuit Court of Montgomery County.

(3) Plaintiffs' Motion to Expedite Ruling on Motion to Remand is due to be' DENIED as MOOT.

(4) Each Party is to bear its own costs.