YATES, Judge.
The State Board of Heating and Air Conditioning Contractors, on August 6, 1996, filed an administrative complaint, pursuant to § 34-31-31(b), Ala.Code 1975, alleging that there was probable cause to believe that Joseph Michael Wilson, Hoyt Wilson, and Cubie Wilson had performed substandard and/or dangerous service, repair, or installation of heating and air conditioning units. Following a hearing, the Board revoked the *680 licenses of the Wilsons, pursuant to § 34-31-32(b). Joseph Wilson appealed to the Circuit Court of Montgomery County, pursuant to § 41-22-20, Ala.Code 1975.[1] The circuit court, on November 10, 1997, entered an order, stating, in part: “Because of the Board’s substantial errors in interpreting and applying provisions of the Administrative Procedure Act the Board’s order is set aside and the case is remanded to the Board for rehearing for the reasons here set out.” Following the denial of its post-judgment motion, the Board appeals.
During the hearing, the Board was represented by an assistant attorney general; another assistant attorney general served as the hearing officer. At the conclusion of the hearing, the hearing officer closed the meeting and the Board went into executive session. The hearing officer excluded from the Board’s deliberations Wilson, his attorney, and the assistant attorney general who had represented the Board. The hearing officer, however, remained present in the Board’s hearing room during the deliberations. The following exchange took place on the record:
“[Wilson’s attorney]: As I understand, Your Honor, ... you, as the hearing officer, are going to stay in the hearing room during the Board’s deliberation. And your statement was that in case you were asked a legal question that you would be able to answer it for them. Was that correct?
“[Hearing officer]: That is correct.
“[Wilson’s attorney]: And I object to you remaining in the room during the hearing. You are a hearing officer. You’re not due to be giving any legal advice or to be in the hearing room while the Board is making its presentation. And I call to Your Honor’s attention the fact that you are an assistant attorney general. You are just designated by a telephone call, I suppose, to be here as a hearing officer.
“[Hearing officer]: By contract.
“[Wilson’s attorney]: I have not seen — I have not seen any written authorization — I assume there is — designating you as the hearing officer. But for purposes of this objection, you are an assistant attorney general. You are representing the Board as an assistant attorney general. And if you intend to stay in the hearing room, then you, as assistant attorney general, will be here, and I won’t be here, because I am being asked to leave, unduly so, while the Board deliberates and considers this case. I take exception. I think, Your Honor, you must leave if I must leave. The Attorney General’s Office can’t have me excluded and leave one of its own. That is not basic fairness.
“[Hearing officer]: Okay. Your objections are noted on the record.
[[Image here]]
“[Wilson’s attorney]: And you do intend to stay during the hearing, during the deliberations?
“[Hearing officer]: I do intend to stay.
“[Wilson’s attorney]: And do you intend to participate?
“[Hearing officer]: I do not intend to participate unless they ask me a question.
“[Wilson’s attorney]: And am I being asked to leave as the defense lawyer representing the respondent?
“[Hearing officer]: You are being asked to leave, and [the Board’s attorney] is being asked to leave.
“[Wilson’s attorney]: I object.”[2]
No record of the Board’s deliberations was made.
In its judgment, the circuit court noted that no record of the deliberations were made, and it stated that it therefore could not determine the extent to which the hearing officer’s participation influenced the Board’s action. The court held that it was *681 error for the Board to conduct its deliberations in Wilson’s absence, while allowing the hearing officer to be present to advise the Board.
The facts of this case are undisputed. Where the trial court’s judgment is not dependent on findings of fact, the ore tenus standard of review is not applicable. Roberts Health Care, Inc. v. State Health Planning & Development Agency, 698 So.2d 106 (Ala.1997). Our review involves a pure question of law; thus, our review is de novo. Id. It is well settled that due process must be observed by all boards, as well the courts. Horn v. State Board of Examiners in Counseling, 689 So.2d 93 (Ala.Civ.App.1996). Our supreme court has stated that procedural due process requires
“[1]... an orderly proceeding appropriate to the case or adapted to its nature, just to the parties affected, and adapted to the ends to be attained; one in which a person has an opportunity to be heard, and to defend, enforce, and protect his rights before a competent and impartial tribunal legally constituted to determine the right involved; representation by counsel; procedure at the hearing consistent with the essentials of a fair trial according to established rules which do not violate fundamental rights, and in conformity to statutes and rules, conducted in such a way that there will be opportunity for a couri to determine whether the applicable rules of law and procedure were observed; revelation of the evidence on which a disputed order is based and opportunity to explore that evidence, and a conclusion based on the evidence and reason.’ ”
Katz v. Alabama State Board of Medical Examiners, 351 So.2d 890 (Ala.1977) (quoting 2 Am.Jur.2d, Administrative Law, § 353) (emphasis added).
Citing Delavan v. Board of Dental Examiners of Alabama, 620 So.2d 13 (Ala.Civ.App.1992), the Board argues that the presence of the hearing officer during deliberations was not improper. In Delavan, a dentist who had had his dental license revoked argued that the Board’s hearing officer had improperly participated in the Board’s deliberations. The evidence indicated that the hearing officer was present when the Board deliberated and that he had asked one question regarding a routine dental practice. Id. This court noted that this contention raised a “troubling due process issue”; however, in affirming the revocation of the license, the court stated, “The record reveals that the hearing officer did not attempt to influence or persuade the Board in any way, and that his one question did not interfere with Delavan’s due process rights.” Id., at 17.
This ease is distinguishable from Delavan in several regards. In this case, Wilson was excluded from the Board’s deliberations; in Delavan, there is no indication that the dentist was excluded from those deliberations. In this case, the hearing officer stated on the record during the hearing that she would participate in the deliberations if she was asked a legal question. Also, in this case no record was made of the deliberations; in Delavan, a record of the deliberations was made. Most importantly, in Delavan, because a record of the deliberations was made, the reviewing court could determine that the hearing officer’s participation was limited to asking one question and could determine that this limited participation did not interfere with Delavan’s due process rights. In this ease, however, because we have no record of the deliberations, we cannot determine to what extent the hearing officer participated in the deliberations, or whether the hearing officer attempted to influence or persuade the Board.
We conclude that the procedure followed by the Board and the hearing officer was inconsistent with the essentials of a fair trial and that it therefore violated Wilson’s due process rights. The judgment of the trial court is due to be affirmed.
AFFIRMED.
ROBERTSON, P.J., and MONROE and THOMPSON, JJ., concur.
CRAWLEY, J., recuses.

. Hoyt Wilson and Cubie Wilson appealed the Board’s decision to the Circuit Court of Tallapoo-sa County. They are not parties to this present appeal.

. Wilson did not specifically object to, nor does he contend that his due process rights were violated by, the Board’s use of an assistant attorney general as its hearing officer and a different assistant attorney general as its "prosecutor” during the hearing. See Alabama Real Estate Appraisers Board v. Walker, [Ms. 2960804, December 5, 1997] - So.2d - (Ala.Civ.App.1997).