This is a driver's license suspension case.
The record reveals the following undisputed facts. In July 1993, James Anthony Bruno entered a plea of nolo contendere in Georgia to the charge of driving under the influence of alcohol (DUI), with a .08 percent blood alcohol content, a per se criminal offense in that state.[1] In November 1993, the Alabama Department of Public Safety (DPS) notified Bruno that his license had been suspended for a period of 90 days. Thereafter, Bruno filed a complaint/mandamus petition against the director of DPS, alleging that the suspension was unlawful and seeking a stay of the suspension and a reinstatement of his license. *Page 446 
Following a hearing, the trial court held that Bruno's license had been lawfully suspended, and it dismissed his petition for a writ of mandamus. Bruno appeals, arguing that the trial court erred in upholding the suspension of his license.
The statute under which the State proceeds is § 32-5A-195(e), Ala. Code 1975, which provides:
 "The Director of Public Safety is hereby authorized to suspend or revoke the license of any resident of this state or the privilege of a nonresident to drive a motor vehicle in this state upon receiving notice of conviction of such person in another state of any offense therein which, if committed in this state, would be grounds for the suspension or revocation of the license of a driver."
(Emphasis added.)
A person may be convicted of DUI in Alabama upon proof of circumstances described in Ala. Code 1975, § 32-5A-191, which provides:
 "(a) A person shall not drive or be in actual physical control of any vehicle while:
 (1) There is 0.10 percent or more by weight of alcohol in his or her blood;
(2) Under the influence of alcohol."
Additionally, § 32-5A-191(c) provides that "on a first conviction, the Director of Public Safety shall suspend the driving privilege or driver's license of the person so convicted for a period of 90 days." Under the statute, "a plea of nolo contendere accepted by the court, the payment of a fine, a plea of guilty or a finding of guilt of a traffic violation charge, shall be equivalent to a conviction regardless of whether the penalty is rebated, suspended or probated." § 32-5A-195(i), Ala. Code 1975. Under this statute, the trial court accepted Bruno's plea of nolo contendere as the equivalent of a conviction.
However, driving with a .08 percent blood alcohol content is not a per se criminal offense in Alabama. The level of blood alcohol content required by § 32-5A-191(a)(1) to constitute per se criminal liability is .10 percent. Therefore, in Alabama, driving with a blood alcohol content of .08 percent, taken alone, is not grounds for suspension or revocation of a driver's license. For a driver to be found guilty of DUI at a .08 percent blood alcohol content, there must be additional evidence showing that the driver was driving while "[u]nder the influence of alcohol." § 32-5A-191(a)(2), Ala. Code 1975. There is no such evidence to show that Bruno was "[u]nder the influence" or intoxicated.
Furthermore, Bruno was led to believe that by pleading nolo contendere he was not admitting guilt, but was choosing to pay a fine levied by the court in lieu of contesting the charge. Indeed, the Georgia court that accepted his plea determined in its findings of fact that it was "in the best interest of justice" for Bruno to retain his driving privileges.
For the purposes of imposing sanctions in Alabama for conduct in another state, whether there has been a "conviction" is measured by the conduct constituting the offense, rather than the treatment of such conduct, or the sentence imposed, by the other state. The conduct constituting the offense is controlling. See, e.g., Thompson v. State,525 So.2d 820 (Ala. 1985) (felony conviction from another state will be considered a felony when imposing punishment in Alabama only if the conduct is also a felony under Alabama law).
Because the conduct for which Bruno entered a plea of nolo contendere, "if committed in this state," would not be grounds for suspension or revocation of the license under §32-5A-195(e), we conclude that the trial court erred in affirming the Alabama Department of Public Safety's suspension of Bruno's license. This court is attuned to the interests and concerns of the Department of Public Safety in its efforts to rid our highways of the hazards of drunken driving. We are sensitive that the Department, and all those individuals who endeavor to enforce our drunk driving laws, seek to further the protection of the public at large. Nevertheless, we are unable, under the statute that prescribes punishment for such actions, to uphold a penalty where there is no record of conduct that would be punishable in Alabama. *Page 447 
The judgment of the trial court is therefore reversed and this cause is hereby remanded.
REVERSED AND REMANDED.
ROBERTSON, P.J., and YATES, J., concur.
THIGPEN and CRAWLEY, JJ., dissenting.
[1] We note that the conduct at issue occurred before August 9, 1995, when Alabama lowered its blood alcohol level that creates a legal presumption of intoxication to .08 percent.