CRAWLEY, Judge.
In March 1996, the Department of Public Safety revoked Gerald Scott McNeely’s driver’s license. The Department based the revocation on McNeely’s failure to disclose his 1982 DUI conviction in North Carolina when he applied for an Alabama driver’s license and on Ala.Code 1975, § 32-5A-195(a) and § 32-6-31. MeNeely appealed the revocation to the trial court, which upheld the revocation. MeNeely appeals.
The facts are undisputed. MeNeely was convicted of DUI in North Carolina in 1982. He moved to Alabama in 1984; he surrendered his North Carolina driver’s license upon applying for an Alabama driver’s license. On his application, he stated that he had never been convicted of a violation of motor vehicle laws. The Department granted him an Alabama driver’s license in 1984 and renewed it in 1988 and 1992. In 1996, the Department, through a computer network, discovered the 1982 North Carolina DUI conviction and revoked the license.
Ala.Code 1975, § 32-5A-195, states in pertinent part:
“(a) The Director of Public Safety is hereby authorized to cancel any driver’s license upon determining that the licensee was not entitled to the issuance thereof hereunder or that said licensee failed to give the correct or required information in his application.”
Article V of Ala.Code 1975, § 32-6-31, the Alabama Driver License Compact Act, states in pertinent part:
“Upon application for a license to drive, the licensing authority in a party state shall ascertain whether the applicant has ever held or is the holder of a license to drive issued by any other party state. The licensing authority in the state where application is made shall not issue a license to drive to the applicant if:
“(1) The applicant has held such a license, but the same has been suspended by reason, in whole or in part, of a violation and if such suspension period has not terminated.
“(2) The applicant has held such a license, but the same has been revoked by reason, in whole or in part, of a violation and if such revocation has not terminated, except that after the expiration of one year from the date the license was revoked, such person may make application for a new license if permitted by law. The licensing authority may refuse to issue a license to any such applicant if, after investigation, the licensing authority determines that it will not be safe to grant to such person the privilege of driving a motor vehicle on the public highways.”
MeNeely first argues that the doctrine of laches bars the Department from revoking his license based upon the 1982 conviction. This court has held:
“Where there is no statutory time limitation applicable to [an] administrative proceeding, the issue of whether the action should be barred by time depends on the question of laches. The party asserting laches bears the burden of proving that the delay was unreasonable and that prejudice resulted from the delay.”
Chafian v. Alabama Bd. of Chiropractic Examiners, 647 So.2d 759, 762 (Ala.Civ.App.1994). MeNeely presented no evidence indicating that he suffered prejudice as a result of the delay. In fact, MeNeely contributed *418 to the delay by not reporting the DUI on his initial application for a driver’s license. Therefore, we conclude that the doctrine of laches does not bar the Department’s revocation proceeding.
MeNeely further argues that the Department does not have the authority to revoke his license; he contends that the 1982 North Carolina DUI conviction would not have supported a revocation of an Alabama license in 1982. This court has held that the conduct used as the basis for an out-of-state conviction for a driving offense must also be conduct that in Alabama would authorize the suspension of a license. Bruno v. Director, Dep’t of Public Safety, 673 So.2d 446 (Ala.Civ.App.1995). In this case, however, the Department is seeking the revocation because MeNeely provided incorrect information on his application for an Alabama driver’s license, not because he received a DUI conviction in North Carolina.
We affirm the trial court’s judgment upholding the revocation of McNeely’s driver’s license.
AFFIRMED.
YATES and THOMPSON, JJ., concur.
ROBERTSON, P.J., and MONROE, J., concur in the result.