YATES, Presiding Judge.
This is a driver’s-license-suspension and a disqualification case.
On May 31, 2001, William H. Cooley petitioned for a writ of mandamus directing the Alabama Department of Public Safety (“DPS”) to reinstate his driver’s license, which, he says, DPS had erroneously suspended based on a driving-while-impaired (“DWI”) conviction he received in Tennessee. DPS answered, asserting that the agency had “received a sworn report from a law enforcement office pursuant to [§ 32-5A-301, Ala.Code 1975, that Cooley had been] arrested for DUI and [had] registered .08 or more by weight of alcohol in his blood.” DPS further stated that based upon that report the director of DPS had suspended Cooley’s driver’s license pursuant to § 32-5A-300 through § 32-5A-309, Ala.Code 1975.
After conducting an ore tenus proceeding, the trial court, on June 28, 2001, denied Cooley’s writ of mandamus. Cooley *125 appeals, arguing, among other things, that the Tennessee statute “is not substantially similar to the statute in Alabama” and that Alabama is “failing to afford full faith and credit to the letter and spirit of the Tennessee judgment.”
The record reveals the following. Cooley, a commercial truck driver based in Birmingham was cited in Tennessee on or about March 28, 2000, at a weigh station. According to Cooley, he had been stopped because his radar detector set off an alarm at the weigh station. He stated that he admitted to drinking several beers earlier in the day and was asked by the attendant to take a breathalyzer test. He stated that he was informed that his reading was .05%, that he was arrested for driving while intoxicated, and that he was taken to the local jail. Cooley’s affidavit states that he entered a guilty plea to “driving while impaired,” a class B misdemeanor in Tennessee, and that he thought the only consequence would be a $500 fine rather than the suspension or revocation of his driver’s license in Alabama. The record contains a “petition for waiver of trial by jury and request for acceptance of plea of guilty” submitted by Cooley to the circuit court in Tennessee. The document indicates that Cooley was charged with “DUI for a commercial vehicle and subject to $1,000 fine, jail, or suspension of license for one year” and that he pleaded guilty to “DWI” and was fined $500, plus court costs. On March 29, 2001, DPS issued two notifications: (1) disqualification of Cooley’s commercial driver’s license (“CDL”) for one year based on his conviction for DWI in Tennessee, and (2) a 90-day suspension of his driver’s license based on the same conviction. On May 22, 2001, DPS issued a letter, stating, in part:
“This is to advise you of the results of the hearing recently held in your behalf concerning the possible suspension, revocation, disqualification or cancellation of your driving privileges.
“The [DPS] was fully informed of all the pertinent facts concerning your driving record, character, attitude and your need for a driver’s license. The department also took into consideration that the operation of a motor vehicle on the public highway is not a guaranteed inalienable right, but instead, is a privilege which is subject to reasonable control through licensing procedures.
[[Image here]]
“Effective May 27, 2001, your passenger car (Class D) driving privileges will be suspended for 90 days (DUI). After your suspension duration has been served, you will be required to pay a $50 reinstatement fee to this office and your driving record must remain as is. Also, your CDL driving privileges are disqualified for 1 year (DUI/CV). Your CDL privileges will be eligible for reinstatement consideration on April 14, 2002.”
Alabama motor-vehicle statutes contain the following provisions pertinent to this case:
Section 32-5A-191:
“(a) A person shall not drive or be in actual physical control of any vehicle while:
“(1) There is 0.08 percent or more by weight of alcohol in his or her blood;
“(2) Under the influence of alcohol;
[[Image here]]
“(5) Under the influence of any substance which impairs the mental or physical faculties of such person to a degree which renders him or her incapable of safely driving.
[[Image here]]
“(e) Upon first conviction, a person violating this section shall be punished by imprisonment in the county or municipal jail for not more than one year....
*126 In addition, on a first conviction, the Director of Public Safety shall suspend the driving privilege or driver’s license of the person convicted for a period of 90 days.”
Section 32-5A-195:
“(e) The Director of Public Safety is authorized to suspend or revoke the license of any resident of this state or the privilege of a nonresident to drive a motor vehicle in this state upon receiving notice of the conviction of such person in another state of any offense therein which, if committed in this state, would be grounds for the suspension or revocation of the license of a driver.
[[Image here]]
“(i) For the purposes of this article the term ‘conviction’ shall mean a final conviction. Also, for purposes of this article an unvacated forfeiture of bail or collateral deposited to secure a defendant’s appearance in court, a plea of nolo contendere accepted by the court, the payment of a fine, a plea of guilty or a finding of guilt of a traffic violation charge, shall be equivalent to a conviction regardless of whether the penalty is rebated, suspended or probated.”
Section 32-6-49.11:
“(a) Any person is disqualified from driving a commercial motor vehicle for a period of not less than one year if convicted of a first violation of:
“(1) Driving a commercial motor vehicle under the influence of alcohol, or a controlled substance or any other drug which renders a person incapable of safely driving;
“(2) Driving a commercial motor vehicle while the alcohol concentration of the person’s blood, urine, or breath is 0.04 or more.”
Section 32-6^49.12:
“(a) Notwithstanding any other provision of this article, or of existing law, a person may not drive, operate, or be in physical control of a commercial motor vehicle within this state while having any measurable or detectable amount of alcohol in his or her system.
[[Image here]]
“(c) Any person who drives a commercial motor vehicle within this state with an alcohol concentration of 0.04 or more must, in addition to any other sanctions which may be imposed under this article, or under federal or state law, or rules or regulations of the department, be disqualified from driving a commercial motor vehicle under Section 32-6-49.11.”
The relevant Tennessee statutes, state, in part:
“[Tenn.Code Ann.] § 55-10-418 (2001) Adult driving while impaired.
“(a) A person twenty-one years (21) of age or older who drives or is in physical control of a motor vehicle while such person’s ability to safely operate the vehicle is impaired as the proximate result of the consumption or ingestion of alcohol, drugs, any other intoxicant or any combination thereof commits the offense of adult driving while impaired.
[[Image here]]
“(c) For purposes of proving a violation of this section, evidence that at the time of the offense there was eight-hundredths of one percent (.08%) or more but less than ten-hundredths of one percent (.10%) by weight of alcohol in the defendant’s blood shall create a presumption that the defendant’s ability to safely operate a motor vehicle was sufficiently impaired by such alcohol to constitute a violation of this section.
“[Tenn.Code Ann.] § 55-50^405 Commercial driver licenses, Violations — Penalties — Driving under the influence.
*127 “(1) The commissioner shall suspend for at least one (1) year, a commercial motor vehicle operator who is found to have committed a first violation of:
“(A) Driving a commercial motor vehicle under the influence of alcohol with a blood alcohol concentration (B.A.C.) of point zero four (.04) or greater, or other controlled substance.”
The record contains a judgment entered against Cooley by the criminal/circuit court of Robertson County, Tennessee, dated February 8, 2001, for the offense of driving while impaired. The record also contains an affidavit by Cooley’s attorney, Phillip L. Davidson. The affidavit states, in part,
“2. Mr. Cooley registered .05 on a breathalyzer test. T.C.A. § 55-50-408 states that a person who has a CDL and has a .04 blood alcohol content commits the offense of driving under the influence of alcohol.
“8. The District Attorney and I agreed that the evidence was not sufficient to go forward with a charge of DUI. We agreed to reduce the charge to driving while impaired. The .08 part of the driving impaired statute was waived by the pleading.”
The Tennessee and Alabama statutes are comparable regarding the blood-alcohol level (.08 or greater) for convictions based on driving while intoxicated or impaired and/or driving under the influence (“DUI”). Both states also have a statutory provision addressing the consumption of alcohol that impairs a person’s ability to safely operate a motor vehicle. Further, both address the blood-level content for a commercial driver, stating that a blood-level content of “.04% or greater” is considered driving under the influence and is punishable by a disqualification of at least one year of the person’s CDL. Although Cooley was not convicted based on a blood alcohol content of .08% or higher, he admitted to consuming alcohol, and he received a .05% rating on the breathalyzer test. It appears that Cooley’s conduct, if committed in this state, would be grounds for suspension of his driver’s license and disqualification of his CDL; therefore, the DPS was within its authority to issue a 90-day suspension of his driver’s license and a one-year disqualification of his CDL. See Bruno v. Director, Dep’t of Public Safety, 673 So.2d 445 (Ala.Civ.App.1995)(conduct used as a basis for an out-of-state conviction for a driving offense must also be conduct that would authorize the suspension or revocation of a license in Alabama). Based on the record and the applicable statutes, we cannot say that the trial court erred in dismissing Cooley’s writ of mandamus, thereby affirming the judgment of the DPS. Accordingly, we affirm the judgment of the trial court.
AFFIRMED.
CRAWLEY, THOMPSON, PITTMAN, and MURDOCK, JJ., concur.